371 So.2d 727 (1978)
STATE of Louisiana
v.
Lonnie C. JACOBS.
No. 62036.
Supreme Court of Louisiana.
December 15, 1978.
On Rehearing May 21, 1979.
Rehearing Denied June 25, 1979.
*728 J. Michael McDonald, Baker, Culpepper & Brunson, & Bobby L. Culpepper, Jonesboro, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara B. Rutledge, Asst. Atty. Gen., John C. Blake, Asst. Dist. Atty., Leon H. Whitten, Dist. Atty., for plaintiff-appellee.
SUMMERS, Justice.
In three counts Lonnie Jacobs was charged in an October 11, 1977 bill of information with 1) distribution of marijuana on March 18, 1976; 2) distribution of marijuana on March 18, 1977; and 3) possession of marijuana with intent to distribute on October 15, 1977, all in violation of Section 966 of Title 40 of the Revised Statutes.
After denial of pretrial motions, defendant was tried before a jury of twelve and found guilty of counts one and two and guilty of possession on count three. The trial judge sentenced defendant to serve 10 years at hard labor in the custody of Department of Corrections and to pay a fine of $15,000 on each of the first two counts, and to incarceration in the Parish Jail for a period of six months in addition to payment of a fine of $500 on count three, the sentences to run consecutively, with credit for time served. The sentences imposed are the maximum allowed by law. Defendant's appeal relies principally upon the refusal of the trial judge to sever the three offenses for trial, and upon the claim that the sentences imposed were excessive.

The Issue of Severance
Prior to trial on November 30, 1977, the defense filed a motion to sever the three separate offenses, alleging they were not triable by the same mode of trial, and the complexity of the evidence to be offered would not enable the trier of fact to intelligently distinguish between the offenses or the law applicable to each. At the same time, a defense motion to quash alleged the duplicity of the charges and the unconstitutionality of Article 493 of the Code of Criminal Procedure, which permits the joinder of offenses. Severance was appropriate under Article 495.1 of the Code of Criminal Procedure, the defense alleged, in order to promote a fair determination of the defendant's guilt or innocence of each offense. The motions were denied. Although conceding in brief that Article 493 was not facially unconstitutional, defense counsel argues it is unconstitutional as applied in this case.
No evidence was presented by the defense at the pre-trial hearing held on the motions on December 5, 1977 and no defense argument was advanced on the law which would support these motions. The merits of these motions, therefore, is to be determined from the face of the bill of information, the record as then constituted, and the law.
*729 Joinder of offenses is specifically authorized by Article 493 of the Code of Criminal Procedure in these terms:
"Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan; provided that the offenses joined must be triable by the same mode of trial."
The three offenses here are felonies charged in separate counts in the same information as approved by Article 493. They are also triable by the same mode of trial as the proviso of the Article mandates. Because there is no contention that these offenses are based upon the same act or transaction, or on two or more acts or transactions connected together, or constituting parts of a common scheme or plan, to fulfill all elements of a proper joinder in the context of this case, it remains only to determine whether the offenses are of the same or similar character.
Each offense involves a charge under Section 966 of Title 40 of the Revised Statutes. Each offense involves the distribution of marijuana, defined as a controlled dangerous substance under Louisiana law. Each offense occurred at the residence of defendant on Ebony Street, in North Hodge, Louisiana. Therefore, in the absence of evidence establishing facts to the contrary, the offenses as charged "are of the same or similar character," and the joinder satisfies the requirements of Article 493. State v. Boone, 364 So.2d 978 (La.1978); State v. Carter, 352 So.2d 607 (La.1977).
Aside from the requirements of Article 493, the court must grant a severance of offenses whenever "if before trial, it is deemed appropriate to promote a fair determination of the defendant's guilt or innocence of each offense." Because no evidence was presented by the defense to support such a contention, because no defense argument or memorandum in support of such a contention was submitted to the trial judge prior to the ruling on the motion, and because, on the face of the information, the joinder satisfied the requirements of Article 493, there is no error in the ruling of the trial judge.
When on its face the information fulfills the requirements of joinder under Article 493, it cannot be expected that the trial judge will find it "appropriate" to order a severance in order "to promote a fair determination of the defendant's guilt or innocence" without additional facts to support such a finding. At the very least, in certain offenses and under certain laws, an argument on the legal complications involved in joinder may be sufficient to order severance. In this case, however, no additional facts were established and no legal argument was presented to support a severance.
Appropriate here is the language in State v. Carter, supra, a case involving this Court's initial interpretation of the cited articles on severance. As organ of the Court Mr. Justice CALOGERO wrote:
"For this reason we hold that when crimes, which have been joined simply because they are the same or similar character offenses, are indeed legitimate `other crimes' under Prieur and its progeny (the offenses are sufficiently similar, the evidence is relevant to a real issue in each case, and the prejudicial effect of the evidence does not outweigh its probative value), a decision not to sever the crimes will normally be proper."
The ruling of the trial judge on these pretrial motions was correct.
During trial, after the jury was empaneled, the defense filed another motion to sever, again alleging that a severance should be ordered in view of the number of offenses charged and the complexity of the evidence to be offered. These conclusory allegations are not associated in argument with the facts of the case. Nevertheless, as alleged and announced orally by defense counsel, the motion is principally based upon the allegation that certain prospective *730 jurors indicated to the court that if they felt the defendant was guilty of one of the counts they would also probably feel he was guilty of the other two, although the evidence might not be strong. Once one count is proven, the motion sets forth, certain prospective jurors indicated they would not be able to accord defendant the presumption of innocence on the other counts.
Motions to sever applied for during trial must be granted upon consent of the defendant if it is deemed necessary to achieve a fair determination of defendant's guilt or innocence. When such an application is presented the court shall consider, in view of the number of offenses charged and the complexity of the evidence to be offered, whether the trier of fact will be able to distinguish the evidence and apply the law intelligently as to each offense. La.Code Crim.Pro. art. 495.1.
The assignments of error, which present issues arising out of this "during trial" motion to sever, do not designate the portion of the record relied upon to support the motion. La.Code Crim.Pro. art. 845. The brief, however, refers the Court to the testimony of Gerald Pepper on his voir dire examination. Although conceding that Pepper was excused for cause, the defense submits that the confusion and feelings he harbored were generally indicative of the feelings of the entire community. On this basis, it is contended that a severance is necessary. This colloquy is cited:
"BY THE COURT: Let me ask you this Mr. Pepper. Your feelingsare you telling me that you are biased against this defendant or are you biased against selling or distributing marijuana?
A. Probably both; I'm not quite sure how I feel. I have a horror of drugs, and, like I say, the things I have heard it would be hard to wipe all that out.
BY THE COURT: Well you hear a lot of things about murder but somebody has to serve on the jury. What do you think about that?
A. Well, Your Honor, I'm just trying to answer the questions as best I can. I am willing to do whatever I should do . . ..
BY THE COURT: I believe the reason you stated you heard gossip among the people you work with, etc.?
A. Yes sir."
When asked by the trial judge if he could "presume this man innocent and whether or not you can give him a fair trial," Pepper replied, "I don't believe I can." Whereupon, the trial judge excused him for cause, commending him for his frank and earnest attitude.
James D. Coleman was also called a prospective juror and examined on voir dire. The defense cites extracts from his testimony to support the contention that a state of "apparent confusion" existed among the jurors. The questions are by defense counsel:
"Q. . . . Of course, in this case it would make a substantial amount of difference or could make a substantial amount of difference whether or not you could isolate the three different dates and the three different charges without running them all together.
A. I would try; it would be harder; he did it on one day then what is the difference on the other day? It would be a lot harder to convince me that he didn't; if I was convinced he had done it one day; then he hadn't done it at all.
Q. I understand what you are saying and I appreciate that; there may be a lot of people who feel the same way, but, it may come out on the trial that he says `on all three dates, I did not do it' and then someone else says `Yes, you did do it' and what you are saying is that if you are convinced on one day when he said he did not do it but he did then you are going to have difficulty with his other two times even though the evidence might not be as strong on those two dates as on a third date, is that correct?
*731 A. That's correct."
It is appropriate to note that after he was unable to rehabilitate Coleman, the trial judge also excused him for cause.
On the basis of the testimony of two prospective jurors, who were properly excused for cause, the court cannot in logic or reason attribute these causes to the other twelve jurors who were considered acceptable by the court, the prosecution and the defense. There is no support for the broad assertion by defense counsel that the testimony of these two prospective jurors was "indicative of the feelings of the entire community."
Defendant took the stand and admitted that when he was arrested he had secreted in his boots several lids of marijuana. His wife, who was present at the time, confirmed this fact. State police officers assisting in undercover narcotic investigations testified to the isolated, but remarkably similar, transactions in which they purchased marijuana from defendant at his residence.
Our appreciation of the record, like that of the trial judge, does not require that we find reversible error in his ruling denying severance of these offenses. The evidence of each isolated transaction was forthright and uncomplicated. There was no reasonable opportunity to confuse the three offenses. Severance was not therefore necessary to achieve a fair determination of defendant's guilt or innocence of each offense.

The Issue of Excessiveness
To support the contention that the trial judge erred in imposing an excessive sentence unsupported by the record and without benefit of a presentence investigation requested by the defense, the Court is referred to the minutes of court at the time of sentence. In addition to the consecutive sentences and fines set forth in the beginning of this opinion, insofar as pertinent to this issue, the minutes disclose that defendant was 29 years old and that defense counsel objected to the sentence and moved for an appeal.
In brief defense counsel points out "that the three crimes are all very similar in nature." The argument relies upon this Court's decision in State v. Underwood, 353 So.2d 1013 (La.1977), a case involving the imposition of sentence by the trial judge in reliance on a presentence report which contained false information. This Court found that a reasonable probability existed that the trial judge's sentencing discretion was at least unconsciously influenced by the gross misinformation of unconstitutionally prejudicial magnitude in the presentencing report. On this finding the sentences were set aside and the case was remanded for resentencing. The case is distinguishable from the case at bar. Here no presentence report was involved. The same is true of State v. Segers, 357 So.2d 1 (La.1978), relied upon by the defense.
The defense argues that this distinction is not determinative of Underwood's principles and urges this Court to remand the case for a presentence report and resentencing. There are, however, other factors in the instant case which undoubtedly influenced the trial judge and which would not favor defendant's contention if contained in a presentence report, in the event of remand. Defendant was arrested for possession of marijuana and admitted to bail. While free on bail he committed another offense involving distribution of marijuana, demonstrating by his actions that he was neither contrite nor readily amenable to rehabilitation.
The verdict in this case rests, to a great extent, upon the credibility of those who testified. Defendant testified, denying categorically the facts testified to by the investigating officers whose testimonies established essential elements of the offenses. The conclusion drawn by the trial judge was necessarily that defendant's testimony was false, another factor which undoubtedly influenced the verdict.
When a sentence rests upon a valid and sufficient statute, indictment, and verdict it meets the test prescribed by Article 872 of the Code of Criminal Procedure. These sentences fell within the ambit of the statute *732 which has been repeatedly upheld as valid; the indictment met the requirements of law, and the verdict of the twelve-man jury was unanimous. Under the circumstances there is no basis for disturbing the sentencing discretion vested in the trial judge.
A review of the other assignments of error results in the conclusion that none involved reversible error.
For the reasons assigned, the conviction and sentence are affirmed.
TATE, J., assigns concurring reasons.
DIXON, J., concurs with reasons.
CALOGERO, J., concurs.
DENNIS, J., dissents.
DIXON, Justice (concurring).
The offenses here charged arose from a continuing investigation of defendant. One charge was possession with intent to distribute. The other instances of distribution were relevant to prove the intent, and the prejudicial nature of the offenses does not appear to outweigh their probative value in this case.
TATE, Justice (concurring).
Under Prieur [State v. Prieur, 277 So.2d 126 (La.1973)] the evidence of the unrelated offenses was admissible to prove the specific intent charged in two of the three counts. Therefore, the denial of the severance is not reversible under the guidelines established by Carter.
The consecutive sentences for conviction of multiple counts of the same nature would normally be excessive. However, the majority points out continued criminal conduct after arrest for one of the offenses as a justifying basis for the trial court's exercise of its discretion to impose consecutive rather than concurrent sentences, and I am unable to disagree.

ON REHEARING
DENNIS, Justice.
A rehearing was granted to determine whether we erred in our original decision to affirm the trial court's (1) refusal to grant a severance of the offenses, or (2) exercise of its discretion in imposing three consecutive maximum sentences of imprisonment. We conclude that defendant's convictions should be affirmed but that the sentences imposed must be vacated and the case remanded with instructions to the trial judge to sentence the defendant in accordance with law.

Severance of offenses
Under La.C.Cr.P. art. 495.1, a severance of offenses requested before trial is mandatory if "it is deemed appropriate to promote a fair determination of the defendant's guilt or innocence of each offense." In interpreting the statutory command that the trial court shall grant a severance whenever it will promote a fair trial, this Court in State v. Carter, 352 So.2d 607, 614 (La.1977), held that normally a joint trial of several offenses will not promote a fair trial if the defendant will be prejudiced by the introduction of evidence of other offenses which the rules of evidence would exclude in the interest of a fair trial if the offenses were tried separately. State v. Hamilton, 364 So.2d 585 (La.1978).
In the instant case a severance was not required under this rule because the evidence of the extraneous distribution offenses would be admissible to prove intent in a single prosecution based upon the possession with intent to distribute charge. Since the latter charge was founded upon defendant's possession of only four lids of marijuana which he testified he intended to smoke, the evidence indicates that the presence or absence of his intention to distribute these drugs was a real and genuine matter at issue independent of his general claim of innocence posed by his plea of not guilty, State v. Frederick, 340 So.2d 1353 (La.1976), and that the prejudicial effect of the other crimes evidence does not outweigh its probative value. State v. Prieur, 277 So.2d 126 (La.1973).

Excessive sentence
Article I, § 20 of the 1974 Louisiana Constitution prohibits imposition by *733 law of excessive punishment, and the statutory guidelines provided by La.C.Cr.P. art. 894.1 (1977) furnish appropriate criteria by which to measure whether a sentence within statutory limits is nevertheless excessive, either by reason of its length or its nature. State v. Cox, 369 So.2d 118 (La.1979). Therefore, when the trial judge fails to "state for the record the considerations taken into account and the basis therefor in imposing sentence" as required by La.C. Cr.P. art. 894.1(C) (1977), we normally will set aside the sentence and remand the case for resentencing in accordance with the mandatory requirements of law. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Jackson, 360 So.2d 842 (La.1978); State v. Sepulvado, 359 So.2d 137 (La.1978).
In the instant case the sentencing judge did not comply with the mandatory requirements of La.C.Cr.P. art. 894.1; nor did he, insofar as the record reflects, order a pre-sentence investigation, or conduct a sentencing hearing. Although the evidence at trial in the case at bar may establish a prima facie basis for a sentence of imprisonment, see La.C.Cr.P. art. 894.1(A), when it is weighed against the circumstances of the offense and the character and propensities of the defendant as required by law, see La.C.Cr.P. art. 894.1(B), punishment without suspension of sentence or probation may be constitutionally excessive. Accordingly, it will be necessary for us to vacate the defendant's sentences and to remand the case to the trial court with instructions to the trial judge to take additional evidence through either a hearing or a pre-sentence investigation, or both, and to weigh the grounds specified by La.C.Cr.P. art. 894.1(A) and (B) before imposing sentence.[*]

Decree
For the reasons assigned the defendant's convictions are affirmed but the sentences imposed are vacated and set aside and the case is remanded to the district court with instructions to the trial judge to sentence defendant in accordance with law.
CONVICTIONS AFFIRMED; SENTENCES VACATED AND CASE REMANDED FOR RE-SENTENCING.
NOTES
[*] Since the record suggests that the defendant has no prior criminal record, the trial judge's attention is directed to our statement that "[b]ased on American theory and practice concurrent rather than consecutive sentences are the usual rule, at least for a defendant without criminal record and in the absence of a showing that the public safety requires a longer sentence." State v. Underwood, 353 So.2d 1013, 1019 (La.1977); see State v. Sepulvado, 367 So.2d 762 (La.1979).