372 So.2d 1205 (1979)
STATE of Louisiana, Appellee,
v.
James WATSON, III, Appellant.
No. 63784.
Supreme Court of Louisiana.
June 25, 1979.
*1206 George M. Strickler, Ann Woolhandler, Paul Henry Kidd, A Law Corp., New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Tommy J. Adkins, Dist. Atty., Joseph A. Cusimano, Jr., Asst. Dist. Atty., for plaintiff-appellee.
TATE, Justice.
The defendant was convicted of two counts of distribution of marijuana, La.R.S. 40:966, and fined $5,000 on each count and sentenced to serve two six year terms of imprisonment at hard labor. The sentences were made consecutive rather than concurrent.
*1207 Excessiveness of Sentence
The principal issue of this appeal is raised by the defendant's Assignment of Error No. 7. By this assignment, the defendant complains that the sentence is excessive, in that the defendant received consecutive sentences for two offenses arising out of the same course of conduct, which were committed within a short time of one another.
The offenses of which the defendant was convicted were committed on November 17, 1977 and December 16, 1977. On these dates, the defendant sold two pounds and one pound of marijuana, respectively, to the same undercover state police agent.
In the exercise of our constitutionally-imposed review of sentences for excessiveness, La.Const. of 1974, Art. 1, Section 20, we have pointed out that, for an offender without prior felony record, ordinarily concurrent rather than consecutive sentences should be imposed, especially where the convictions arise out of the same course of conduct within a relatively short period. State v. Jacobs, 371 So.2d 727 (La.1979); State v. Cox, 369 So.2d 118 (La.1979); State v. Underwood, 353 So.2d 1013 (La.1977). However, we noted, consecutive sentences may be justified when, due to his past conduct or repeated criminality over an extended period, the offender poses an unusual risk to the safety of the public, similar to those posed by habitual or by dangerous offenders.
The defendant is a senior at Grambling College, twenty-five years of age.
In the present case, the trial court in setting forth its reasons for the sentence, see La.C.Cr.P. art. 894.1, relied upon (a) a prior misdemeanor conviction for possession of marijuana in October, 1976, (b) the amount (one and two pounds respectively) of marijuana sold in the present case, and (c) its appreciation of the evidence in the present case as establishing that the accused was an active dealer rather than a casual offender. In the brief sentencing remarks of the trial judge, he concluded that the three aggravating factors of La.C. Cr.P. art. 894.1(A) justified the imprisonment imposed.
The brief articulation, especially without consideration of the mitigating factors (or lack thereof), La.C.Cr.P. art. 894.1(B), does not constitute an adequate basis for us to review the excessiveness of the consecutive sentences, as it does not adequately state the factual basis therefor. Consequently, it does not constitute adequate compliance with the requirements of La.C.Cr.P. art. 894.1, and the sentences must be vacated and the case remanded to the trial court with instructions for it to consider pertinent sentencing guidelines and principles before imposing sentence.[1]State v. Jacobs, 371 So.2d 727 (La.1979); State v. Touchet, 372 So.2d 1184 (La.1979); State v. Gist, 369 So.2d 1339 (La.1979); State v. Cox, 369 So.2d 118 (La.1979).
The Convictions
We affirm the convictions.
The only assignment of error (No. 4) argued for reversal complains of the admission into evidence of the marijuana purchased. Without extended discussion, we reject as without merit the grounds upon which the assignment is based:
1. We find no error in the determination of the trial court that a state witness, a laboratory technician, accepted as a qualified expert, La.R.S. 15:466, identified by microscopic and chemical tests the substance purchased from the accused as marijuana.
2. Nor are we persuaded that proof of the nature of the substance by such expert testimony amounts, as defendant *1208 alleges, to a denial of equal protection because of the more stringent safeguards required by La.R.S. 32:662-664 for chemical testing for alcoholic content of blood, breath, etc. before such tests may be admitted as presumptive proof of intoxication in prosecutions for driving while intoxicated. There is obviously a rational basis for the more stringent pre-test regulation of virtually on-the-spot testing, where the test-result may result in a presumption of guilt and where (unlike the present instance) due to the passage of time the accused will not be able to secure opposing expert examination and analysis.

Decree
Accordingly, we affirm the convictions, but we set aside the sentences and remand this case to the district court with instructions to the trial judge to sentence the defendant in accordance with law.
CONVICTION AFFIRMED; CASE REMANDED FOR RE-SENTENCING.
SUMMERS, C. J., agrees that the conviction should be affirmed, but dissents from the remand on the sentence.
NOTES
[1] At a post-conviction motion for bail pending appeal, the state indicated that it had evidence of a more extended course of criminal conduct than was instanced by the present sentencing hearing, not including the five other charges filed against the accused by the same narcotics agents which were closely connected with the present two offenses. In denying bail, the trial court did not consider these, for reasons of inadequate proof. Our remand is without prejudice to the state at the hearing for re-sentencing to make adequate showing of similar nature in order to attempt to justify consecutive sentences.