383 So.2d 342 (1980)
STATE of Louisiana
v.
Lonnie C. JACOBS.
No. 65809.
Supreme Court of Louisiana.
April 7, 1980.
Rehearing Denied May 19, 1980.
*343 Douglas L. Stokes, Jr., Emmons, Henry & Reeves, Jonesboro, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Leon H. Whitten, Dist. Atty., John C. Blake, Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.[*]
Lonnie C. Jacobs was charged in the same information with separate counts of (1) distribution of marijuana on March 18, 1976, (2) distribution of marijuana on March 18, 1977, and (3) possession with intent to distribute marijuana on October 15, 1977, all in violation of La.R.S. 40:966.
After trial by jury, defendant was found guilty on counts one and two and guilty of possession an count three. Defendant was sentenced to serve ten years at hard labor and to pay a fine of fifteen thousand dollars on each of the first two counts and to serve six months in the parish jail and to pay a fine of five hundred dollars on count three. The court expressly directed that the sentences be served consecutively. The sentences imposed were the maximum allowed by law.
On defendant's appeal, we affirmed his convictions and sentences; however, we granted a rehearing and on rehearing affirmed defendant's convictions but, finding that the trial judge had not complied with the sentencing guidelines set forth in La. Code Crim.P. art. 894.1 nor ordered a presentence investigation or conducted a sentencing hearing, we vacated the sentences imposed and remanded the case for resentencing in accordance with law. State v. Jacobs, 371 So.2d 727 (La.1979).
On remand, the trial judge ordered a presentence investigation. Upon receipt of the report, a copy was furnished to defendant. Subsequently, a sentencing hearing was held at which evidence was adduced. At the conclusion of the hearing, the court sentenced defendant to serve ten years at hard labor and to pay a fine of one thousand dollars on each of the first two counts and directed that the sentences be served concurrently. On count three, the court sentenced defendant to serve six months in the parish jail and to pay a fine of five hundred dollars; he directed that this sentence be served consecutively with the other sentences imposed.
Defendant again appeals to this court alleging two assignments of error, viz., the trial judge failed to comply with the sentencing guidelines set forth in La.Code Crim.P. art. 894.1[1] as he did not take into *344 consideration any of the mitigating factors set forth in said statute (Assignment of Error No. 1),[2] and the sentences imposed are excessive in that the six-month sentence imposed on count three should have been concurrent with the other sentences imposed (Assignment of Error No. 2). Finding no merit in defendant's assigned errors for reasons hereinafter set forth, we affirm.
In imposing the sentences, the trial judge, reviewing the evidence, noted that defendant sold one "lid" of marijuana to a state trooper on March 18, 1976. Thereafter, he was arrested and released on bail. While free on bail, defendant again distributed marijuana when he sold one "lid" of marijuana to another state trooper on March 18, 1977. At the time of his arrest for this second offense on October 15, 1977, four "lids" of marijuana were found concealed on his person. Based on these facts, the trial judge concluded that these incidents were not isolated transactions but rather showed that defendant was engaged in the business of distributing a controlled dangerous substance. He stated that he was of the opinion that imprisonment was necessary due to an undue risk that defendant might again distribute marijuana during the period of suspended sentence or probation, if granted, and that any sentence less than imprisonment would deprecate the seriousness of defendant's crimes. The trial judge recognized that defendant had no prior criminal record.
Clearly, the trial judge complied with art. 894.1. He stated for the record the considerations taken into account and the factual basis therefor in imposing sentences of imprisonment. Article 894.1 does not require the trial judge to set forth for the record all the factors listed in said statute which were accorded weight by him in determining to impose a sentence of imprisonment rather than to grant suspension of sentence or probation. See State v. Vaughan, 377 So.2d 87 (La.1979).
Next, we consider defendant's contention that the sentences imposed are excessive. He argues that the sentence on count three should have been made concurrent with the sentences on counts one and two.
La.Const. art. 1, § 20 prohibits the imposition by law of excessive punishment. Accordingly, we have held that imposition of a sentence, although within the statutory limit, may violate a defendant's constitutional *345 right against excessive punishment that is enforceable by this court on appellate review. The trial judge's reasons in imposing sentence, as required by La.Code Crim.P. art. 894.1, are an important aid to this court when called upon to exercise its constitutional function to review a sentence complained of as excessive. State v. Spencer, 374 So.2d 1195 (La.1979); State v. Gist, 369 So.2d 1339 (La.1979); State v. Sepulvado, 367 So.2d 762 (La.1979). Moreover, the trial judge is given a wide discretion in the imposition of sentences within statutory limits, and the sentences imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Spencer, supra; State v. Sepulvado, supra.
For an offender without prior felony record, ordinarily concurrent rather than consecutive sentences should be imposed, especially where the convictions arise out of the same course of conduct within a relatively short period. State v. Watson, 372 So.2d 1205 (La.1979); State v. Cox, 369 So.2d 118 (La.1979). However, consecutive sentences may be justified when, due to his past conduct or repeated criminality over an extended period, the offender poses an unusual risk to the safety of the public, similar to those posed by habitual or by dangerous offenders. State v. Watson, supra.
In the instant case, defendant distributed marijuana on two separate occasions, a year apart, to different individuals. The second offense occurred after defendant's arrest for the earlier offense and while he was free on bail. When defendant was arrested for the second offense some seven months later, marijuana was found concealed on his person. Hence, defendant's convictions did not arise out of the same course of conduct within a relatively short period of time. Nonetheless, the trial judge directed the sentences on counts one and two (distribution) to be served concurrently but the sentence on count three (possession) to be served consecutively with the other sentences. Under the circumstances, we are unable to say that the trial judge abused his discretion in making the sentence on the third count consecutive with the other two. Nor are we able to say that he abused his discretion in imposing the sentences which he did for each of the offenses in view of defendant's continued activity with drugs over an extended period of time after having been arrested for such conduct.
In sum, we conclude that the trial judge complied with La.Code Crim.P. art. 894.1 in sentencing defendant and that the sentences imposed are not excessive.

DECREE
For the reasons assigned, defendant's sentences are affirmed.
NOTES
[*] The Honorable Edward A. de la Houssaye III participated in this decision as an Associate Justice Ad Hoc.
[1] La.Code Crim.P. art. 894.1 provides:

A. When a defendant has been convicted of a felony or misdemeanor, the court should impose a sentence of imprisonment if:
(1) There is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime;
(2) The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution; or
(3) A lesser sentence will deprecate the seriousness of the defendant's crime.
B. The following grounds, while not controlling the discretion of the court, shall be accorded weight in its determination of suspension of sentence or probation:
(1) The defendant's criminal conduct neither caused nor threatened serious harm;
(2) The defendant did not contemplate that his criminal conduct would cause or threaten serious harm;
(3) The defendant acted under strong provocation;
(4) There was substantial grounds tending to excuse or justify the defendant's criminal conduct, though failing to establish a defense;
(5) The victim of the defendant's criminal conduct induced or facilitated its commission;
(6) The defendant has compensated or will compensate the victim of his criminal conduct for the damage or injury that he sustained;
(7) The defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the instant crime;
(8) The defendant's criminal conduct was the result of circumstances unlikely to recur;
(9) The character and attitudes of the defendant indicate that he is unlikely to commit another crime;
(10) The defendant is particularly likely to respond affirmatively to probationary treatment; and
(11) The imprisonment of the defendant would entail excessive hardship to himself or his dependents.
C. The court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence.
[2] Defendant did not object on this ground at the time of sentencing. However, we have held that, even without formal objection at the time of sentencing, where the trial judge imposes a sentence without adequate compliance with the mandatory requirements of La.Code Crim.P. art. 894.1, this court may vacate a sentence and remand for resentencing when the reasons for an apparently severe sentence in relation to the particular offender and the actual offense committed do not appear in the record. State v. Gist, 369 So.2d 1339 (La.1979); State v. Cox, 369 So.2d 118 (La.1979).