J. BRUCE NACCARI, Judge Pro Tem.
On October 31, 1985 a bill of information was filed charging Ernest Dorsey, Jr. with two counts of possession of marijuana with intent to distribute in violation of R.S. 40:966 and one count of possession of cocaine with intent to distribute in violation of R.S. 40:967. The defendant pled not guilty and on January 9, 1986, the defendant went to trial by jury on the two counts of possession with intent to distribute marijuana. He was found guilty as charged and his motion for post judgment verdict of acquittal was denied. On March 10, 1986 the judge sentenced him in open court to “eighteen months on each count consecutive”; however the commitment in the record indicates the sentence was “imprisonment at hard labor, for a term of three years” with credit for time served. The charge of possession with intent to distribute cocaine was dismissed. The defendant appeals the sentence imposed upon him.
The marijuana charges grew out of the following incidents. On April 23, 1985 at *96 approximately 8:50 p.m., Elston Cutino, acting as an undercover police officer, drove to the end of Solon Street in Gretna, Louisiana. The defendant came up to Cutino’s car and asked if he was “looking”. Cutino replied in the affirmative and the defendant asked “how many?”. Cutino replied three. The defendant gave Cutino three marijuana cigarettes in exchange for three dollars.
The next night, April 24, at approximately 7:30, Cutino again drove down Solon Street and encountered the defendant. The defendant sold him five marijuana cigarettes for five dollars.
The defendant testified at trial that on both occasions Cutino approached him and asked if he had anything. The defendant told Cutino that if he wanted anything he would have to go to the Fisher Project.
On appeal Dorsey makes the following assignments of error: (1) The commitment issued by the trial court does not reflect the sentence imposed by the judge in open court. (2) The court erred in sentencing appellant to consecutive rather than concurrent sentences. Also assigned as error are any and all errors patent on the face of the record.
We take up first error number 2, that the court erred in imposing consecutive rather than concurrent sentences. The defendant argues that the consecutive terms of imprisonment result in an excessive sentence of three years. Under LSA-R.S. 40:966(B)(2) the penalty is imprisonment at hard labor for not more than ten years and a fine of not more than $15,000.00.
The defendant was convicted of two counts of distribution of marijuana, one for each of the two sales of cigarettes to the undercover agent. The trial court gave the following reasons for imposing two consecutive eighteen month sentences:
“THE COURT: Mr. Dorsey, I believe you are in the business of selling marijuana cigarettes. I will sentence you to eighteen months on each count consecutive. That gives you three years. If you come back here again, you’re going for life; as far as I concerned, Angola. Do you understand that? Are there any questions in your mind about whether I mean it or not? Prepare the commitment.”
A similar issue was addressed by the court in State v. Watson, 372 So.2d 1205 (La.1979). In that ease the defendant sold two pounds of marijuana to an undercover agent on November 17th and another pound to the same agent on December 16th. The trial court imposed consecutive sentences. The reviewing court found error and remanded the case for resentenc-ing. The court said, at 1205:
“In the exercise of our constitutionally — imposed review of sentences for excessiveness, La.Const. of 1974, Art. 1, Section 20, we have pointed out that, for an offender without prior felony record, ordinarily concurrent rather than consecutive sentences should be imposed, especially where the convictions arise out of the same course of conduct within a relatively short period. State v. Jacobs, 371 So.2d 727 (La.1979); State v. Cox, 369 So.2d 118 (La.1979); State v. Underwood, 353 So.2d 1013 (La.1977). However, we noted, consecutive sentences may be justified when, due to his past conduct or repeated criminality over an extended period, the offender poses an unusual risk to the safety of the public, similar to those posed by habitual or by dangerous offenders.
The Watson court found that the trial judge had considered three aggravating factors, i.e. a prior misdemeanor conviction, the amount of marijuana sold, and his personal belief that the accused was an active dealer, but had failed to consider the mitigating factors of the sentencing guidelines in La.C.Cr.P. art. 894.1(B). Further, the judge had failed to articulate the considerations taken into account and the factual basis for the sentence as required by article 894.1(C). See also State v. Sherer, 437 So.2d 276 (La.1983).
In the case before us the trial judge’s only stated consideration was his personal belief that Dorsey was “in the business of selling marijuana cigarettes”. Although *97 the sentencing transcript indicates that a presentence investigation report exists, it is not present in the record. The transcript does reveal that the defendant admitted to three misdemeanor convictions, for driving while intoxicated, criminal neglect of family, and disturbing the peace, and also to a conviction for possession of stolen property.[1] These offenses taken together indicate to this court a total disregard for the well being of others and could well suggest criminality that would endanger the public. Accordingly, we remand the case for resen-tencing with a full statement of reasons for the sentences imposed.
Error number one is that the commitment issued by the trial court does not reflect the sentence imposed in open court. The discrepancy is that the judge sentenced Dorsey in court to “eighteen months on each count consecutive,” but the commitment in the record indicates the sentence is for “imprisonment at hard labor, for a term of three years.” It is settled that in the event of such a discrepancy the transcript prevails. State v. Lynch, 441 So.2d 732 (La.1983). The sentence imposed from the bench contains an error patent in the omission of “hard labor”. As hard labor is mandated by the statute, LSA-R.S. 40:966(B)(2), its omission makes the sentence illegally lenient. The state moves for correction of this error.
Because we vacate the sentence and remand, we do not pass judgment on error number (1) and the error patent noted above.
For the reasons stated above, the sentence appealed from is vacated and the case remanded for resentencing with a full statement of reasons.
SENTENCE VACATED, REMANDED.

. The record does not reveal whether this offense was a felony or a misdemeanor.