NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

16-415


STATE OF LOUISIANA

VERSUS

ANTHONY MOORE

AKA ANTHONY J. MOORE


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 55309
HONORABLE LAURIE A. HULIN, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**ELIZABETH A. PICKETT**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Marc T. Amy, Elizabeth A. Pickett, and James T. Genovese, Judges.


**AFFIRMED AND REMANDED WITH INSTRUCTIONS.**

Keith A. Stutes
District Attorney, Fifteenth Judicial District
Roger P. Hamilton, Jr.
Assistant District Attorney
P. O. Box 3306
Lafayette, LA 70502-3306
(337) 232-5170
COUNSEL FOR APPELLEE:
        State of Louisiana

**Edward J. Marquet**
**Attorney at Law**
**P. O. Box 53733**
**Lafayette, LA 70505-3733**
**(337) 237-6841**
**COUNSEL FOR DEFENDANT-APPELLANT:**
    Anthony Moore

**PICKETT, Judge.**

## FACTS

On December 21, 2011, police officers in Kaplan, Louisiana, were advised by an anonymous tip that the defendant, Anthony Moore, was attempting to sell crack cocaine in the area. The officers located the defendant parked in a handicapped parking space at a convenience store. The officers made contact. The defendant's vehicle was searched with his consent. Marijuana was located in the vehicle. At the police headquarters, the defendant was searched, and a pill bottle containing marijuana, approximately 16 rocks of crack cocaine, hydrocodone, alprazolam, and soma pills was located on his person.

On June 7, 2012, the defendant was charged by a bill of information with one count of possession with intent to distribute cocaine, a Schedule II controlled dangerous substance, a violation of La.R.S. 40:967(A)(1); one count of possession with intent to distribute marijuana, a Schedule V controlled dangerous substance, a violation of La.R.S. 40:966(A)(1); one count of possession of hydrocodone, a Schedule III controlled dangerous substance, a violation of La.R.S. 40:968(C); one count of possession of alprazolam, a Schedule IV controlled dangerous substance, a violation of La.R.S. 40:969(C); and one count of possession of somas, a Schedule IV controlled dangerous substance, a violation of La.R.S. 40:969(C).

On July 12, 2012, the possession of cocaine with intent to distribute was amended to possession of cocaine, a violation of La.R.S. 40:967(C), and the possession of marijuana with intent to distribute was amended to possession of marijuana, a violation of La.R.S. 40:966(C).

On September 5, 2013, the defendant filed a "Motion of Intent to Waive Trial by Jury." Trial commenced on November 6, 2013. Following testimony,

submission of evidence, and arguments, the trial court found the defendant to be guilty as charged. The trial court ordered a presentence investigation report

The defendant was sentenced on May 21, 2015, to three years imprisonment at hard labor on each of the convictions for possession of cocaine, possession of hydrocodone, possession of alprazolam, and possession of somas, to be served consecutively for a total of twelve years, and six months on the conviction for the possession of marijuana with a mandatory fine of five hundred dollars, to be served concurrently with the combined twelve year sentences. The defendant was ordered to pay an additional fine of one hundred and fifty dollars. He was also given credit for time served. The defendant did not file a motion to reconsider the sentences.

The defendant was granted an out-of-time appeal on January 15, 2016. The defendant alleges one assignment of error.

## ASSIGNMENT OF ERROR

The sentencing judge imposed an excessive sentence by running consecutive sentences for possession of drugs seized during the same transaction that did not involve different victims nor occurred over a lengthy period of time.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find no errors patent, but the court minutes of sentencing require correction.

The sentencing transcript indicates that in addition to a six month sentence, a $500 fine was imposed for the defendant's conviction of possession of marijuana. However, this is not reflected in the court minutes. "[W]hen the minutes and the transcript conflict, the transcript prevails." *State v. Wommack*, 00-137, p. 4 (La.App. 3 Cir. 6/7/00), 770 So.2d 365, 369, *writ denied*, 00-2051 (La. 9/21/01),

2

797 So.2d 62. Accordingly, the trial court is ordered to correct the court minutes of sentencing to reflect the fine imposed for the defendant's conviction of possession of marijuana.

## DISCUSSION

The defendant was sentenced to three years at hard labor on each of the four counts of possession to be served consecutively. He argues the combined sentences of twelve years are excessive for the reason that all of the drugs were located during a single incident and did not involve separate victims. He argues there was no justification for the imposition of consecutive sentences. He asserts the trial court abused its vast discretion when it imposed the consecutive sentences.

Louisiana Code of Criminal Procedure Article 883, in pertinent part, provides:

> If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently.

While Louisiana jurisprudence favors concurrent sentences for crimes committed as part of a single transaction, "a trial judge retains the discretion to impose consecutive sentences on the basis of other factors, including the offender's past criminality and violence in the charged crimes, or the risk he or she poses to the general safety of the community." *State v. Thomas*, 98-1144, p. 1 (La. 10/9/98), 719 So.2d 49, 49 (citing *State v. Williams*, 445 So.2d 1171 (La.1984); *State v. Jacobs*, 371 So.2d 727 (La.1979)). "Consecutive sentences for crimes arising out of the same act are not *per se* excessive if other appropriate factors are considered." *State v. Dempsey*, 02-1867, p. 5 (La.App. 4 Cir. 4/2/03), 844 So.2d

3

1037, 1040, *writ denied*, 03-1917 (La. 6/25/04), 876 So.2d 823. However, "[w]hen consecutive sentences are imposed for crimes arising out of the same act, the trial court must articulate particular justification for such a sentence beyond a mere articulation of the standard sentencing guidelines set forth in La.C.Cr.P. art. 894.1." *Id.*

At the sentencing hearing, Yvette Denise Savoy, the defendant's girlfriend of fourteen years, testified. She stated that she and the defendant have a fourteen-year-old daughter. She testified that the defendant is disabled and often bedridden. She said that he had gotten hurt in two accidents and that he had a hip replacement. She further stated that she had heart issues and that there was a possibility that she had breast cancer. She stated that should the defendant be incarcerated, she and their daughter would suffer hardship without his help.

The defendant testified. He stated that he was suffering from medical conditions for which he took medication. He testified he was proscribed hydrocodone, soma, and Lortabs for his conditions, which he took "[e]very now and then, until [he] get into pain management." He stated he needed another hip replacement. He claimed he used the drugs to manage his pain. He also stated that some of the drugs were planted by the police and that someone called the police for "hatreds and stuff like that."

Following brief arguments by the state and defense counsel, the trial court ruled as follows:

> YOUR HONOR: All right. The Court has carefully studied the pre-sentence investigation in court that was submitted earlier and mentioned and discussed with you earlier, Mr. Moore.
>
> I have considered the testimony that your attorney has given to the Court at this time as well as the nature of the offenses that you have been convicted of. I've done this all in light of Article 894.1,

4

which is the sentencing guidelines which the law imposes upon me to follow.

All right.  I make the finding followings [sic] in regard to your sentence, sir.  I find that this is a - - these are - - these five convictions are all similar in nature.  All five convictions are similar in nature to all of your past convictions that have been presented to the Court; that is your past felony convictions.  I'm not considering any of your past misdemeanor convictions.

I find that, after review specifically of the pre-sentence investigation report, that obviously probation did not work for you, being that you had a six month jail sanction and your probation was terminated unsatisfactorily.

I find that probably correctional treatment is most effective for you at this particular time and that there is some undue risk that there might possibility [sic] be a commission of another crime, based on your history and the convictions that are before the Court today.

The maximum sentence, sir, that you could receive in this case is a 20-year sentence - - 20-year, six-months sentence, with a mandatory $500 fine.  While the Court of Appeal has reminded the lower courts time and time again that the maximum sentence should be reserved for the worst of the worst offenders, I consider that.

And looking at the minute entries and your file for today, I don't think you're the worst of the worst offenders, which would require a maximum sentence of twenty years, okay.  However, I do find that, based on your previous convictions of the same nature and that you are facing a sentence of five convictions today, all similar, that a lenient sentence is not appropriate for you.

We note that the defendant did not file a motion to reconsider the sentences or object to the sentences at the sentencing hearing.  Therefore, the issue of consecutive sentences was not specifically preserved for review.

Louisiana Code of Criminal Procedure Article 881.1(E) provides:

Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.

5

However, this court has reviewed claims of excessiveness where no objection was made and no motion to reconsider sentence filed. *See State v. Johnlouis*, 09-235 (La.App. 3 Cir. 11/4/09), 22 So.3d 1150, *writ denied*, 10-97 (La. 6/25/10), 38 So.3d 336, *cert. denied*, 562 U.S. 1150, 131 S.Ct. 932 (2011); *State v. Thomas*, 08-1358 (La.App. 3 Cir. 5/6/09), 18 So.3d 127; *State v. Perry*, 08-1304 (La.App. 3 Cir. 5/6/09), 9 So.3d 342, *writ denied*, 09-1955 (La. 6/25/10), 38 So.3d 352; *State v. H.J.L.*, 08-823 (La.App. 3 Cir. 12/10/08), 999 So.2d 338, *writ denied*, 09-606 (La. 12/18/09), 23 So.3d 936; *State v. Quinn*, 09-1382 (La.App. 3 Cir. 5/12/10), 38 So.3d 1102, *writ denied*, 10-1355 (La. 1/7/11), 52 So.3d 885.

We will review the sentences under a bare excessiveness claim. *See State v. Clark*, 06-508 (La.App. 3 Cir. 9/27/06), 940 So.2d 799, *writ denied*, 06-2857 (La. 9/21/07), 964 So.2d 324. *See also State v. Johnson*, 11-375 (La.App. 5 Cir. 12/28/11), 83 So.3d 1116, *writ denied*, 12-296 (La. 6/22/12), 91 So.3d 966, where the defendant failed to preserve the issue of consecutive sentences for review.

In *State v. Barling*, 00-1241, 01-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331), the supreme court noted:

> [Louisiana Constitution Article] I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. (Citations omitted).

6

In *State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57, *writ denied*, 99-433 (La. 6/25/99), 745 So.2d 1183, the fifth circuit set forth the standard for reviewing a trial court's sentencing discretion, as follows: a reviewing court should consider the nature of the crime, the nature and background of the offender, and the sentence imposed for similar crimes by the same court and other courts.

At the sentencing hearing, the trial court noted that the defendant was a third felony offender, with the three felonies being either possession of or possession with intent to distribute the drugs. Furthermore, the defendant has an extensive arrest record. Starting in 1995 until 2011, there were thirty-six arrests for several drug-related offenses, traffic offenses, and domestic abuse offenses. After Defendant was arrested on the current charges, he was arrested in Crowley, Louisiana, for prohibited acts involving a schedule IV controlled dangerous substance and was convicted of resisting arrest and flight from an officer. In 2013, he was arrested for domestic abuse and resisting an officer, and later in 2013, he was arrested for prohibited acts involving a schedule II controlled dangerous substance and possession of marijuana.

Except for the conviction for the possession of marijuana, the four counts of possession of cocaine, hydrocodone, alprazolam, and soma, each carried a term of imprisonment of not more than five years, with or without hard labor, and a fine of not more than five thousand dollars. La.R.S. 40:967(C), 40:968(C), and 40:969(C). The defendant received three years at hard labor on each count for a total of twelve years. The defendant was looking at potential combined sentences of twenty years imprisonment and a twenty thousand dollar fine. The defendant's

combined sentences constituted two years more than one half of the potential combined sentences.

In *Beaudion*, 27 So.3d 342, the defendant was convicted on one count of possession of crack cocaine and received the maximum sentence of five years at hard labor. He argued the sentence was excessive because the trial court failed to articulate sufficient justification for imposing the maximum sentence other than noting that he had an extensive criminal record. This court did not find the maximum sentence excessive for the reason defendant was a third felony offender and had a significant criminal record. In *State v. Woods*, 08-718 (La.App. 5 Cir. 2/10/09), 4 So.3d 248, *writ denied*, 09-837 (La. 1/29/10), 25 So.3d 831, while the defendant did not appeal the consecutive sentences, all the offenses arose out of the same transaction. The defendant had in his possession hydrocodone and alprazolam when he committed simple burglary. He was apprehended a few minutes after the burglary. The trial court imposed the five year maximum term of imprisonment on each of the counts for possession and six years imprisonment on the simple burglary conviction, with all the sentences to be served consecutively. The fifth circuit affirmed the convictions and sentences.

We cannot say that the combined sentences of twelve years imprisonment was so grossly disproportionate to the severity of the crime as to shock this court's sense of justice or that the combined sentences made no measurable contribution to acceptable penal goals and was, therefore, nothing more than a needless imposition of pain and suffering.

## CONCLUSION

This court hereby affirms the sentences as imposed. Further, the trial court is hereby ordered to correct the court minutes of sentencing to reflect the fine imposed for the defendant's conviction of possession of marijuana.

**AFFIRMED AND REMANDED WITH INSTRUCTIONS.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules−Courts of Appeal, Rule 2−16.