344 So.2d 1018 (1977)
STATE of Louisiana
v.
Johnny Washington HARDY.
No. 58833.
Supreme Court of Louisiana.
April 11, 1977.
*1020 Diehlmann C. Bernhardt, Monroe, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Carl Parkerson, Dist. Atty., Charles D. Jones, Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
Johnny Washington Hardy was charged by bill of information with forgery in violation of La.R.S. 14:72. After trial by jury, defendant was found guilty as charged and was sentenced to serve eight years at hard labor. On appeal, defendant relies on four assignments of error for reversal of his conviction and sentence.

ASSIGNMENT OF ERROR NO. 1
Defendant assigns as error the trial judge's denial of his motion to quash. He argues that, since forgery is an offense other than one punishable by death or life imprisonment, prosecution in the district court had to be instituted by indictment or information as mandated by La.Code Crim.P. art. 382. He contends that the present prosecution was improperly instituted by affidavit.
On September 11, 1975, an affidavit reciting facts in support of a finding of probable cause that an offense of forgery had been committed by defendant on August 20, 1975 was executed. Several months later, Monroe police officials located defendant in El Paso, Texas. After waiving extradition proceedings, defendant was returned to Monroe and was arrested and booked on April 23, 1976. On May 6, defendant filed a motion to quash asserting that the prosecution had been commenced illegally by affidavit. Four days later (May 10), a bill of information was filed by the assistant district attorney for Ouachita Parish charging defendants with forgery. After a hearing on the motion to quash, the trial judge denied the motion finding that the prosecution had been validly instituted by bill of information filed on May 10.
La.Code Crim.P. art. 934(7) defines institution of prosecution as follows:
'Institution of prosecution' means the finding of an indictment, or the filing of an information, or affidavit, which is designed to serve as the basis of a trial.
La.Code Crim.P. art. 382 provides in pertinent part:
"A prosecution for an offense punishable by death, or for an offense punishable by life imprisonment, shall be instituted by indictment by a grand jury. Other criminal prosecutions in a district court *1021 shall be instituted by indictment or by information.
Whether the affidavit was executed to support the issuance of an arrest warrant or to institute prosecution is of no moment. The fact of the matter is that, after defendant's arrest, prosecution for forgery was properly instituted against defendant by the filing of a bill of information in the district court. La.Code Crim.P. arts. 934(7) and 382. Defendant pleaded not guilty to the information at arraignment and was subsequently tried and convicted of this charge. Hence, there is no merit to defendant's complaint that the prosecution herein was illegally instituted against him by affidavit. The trial judge correctly denied defendant's motion to quash.
Assignment of Error No. 1 is without substance.

ASSIGNMENT OF ERROR NO. 2
Defendant contends that the trial judge erred in denying his motion for a mistrial based upon the references of a state witness in his testimony to jail cards and three checks which were used for handwriting comparison with the forged instrument.
At trial the state called to the witness stand Charles R. VanLopik, the detective in charge of the investigation into defendant's alleged involvement in the forgery. On direct examination, the following colloquy took place:
Q. You picked that check up, then what did you do with it?
A. Brought it to the Monroe Police Department.
Q. And, then, what did you do with it?
A. The check, along with . . . I believe it was about eight jail cards . . .
At this point, the defense counsel's objection to the witness' remark concerning the jail cards was sustained and the testimony continued. No motion for a new trial was made at this point. Shortly thereafter, the following statements were made:
Q. What did you take . . . what did you take other than this check?
A. We took three checks that we were investigating . . .
Again defense counsel objected and in addition moved for a mistrial. After the jury was removed from the courtroom, the defense asserted that the references to the jail cards and the three checks constituted impermissible references to prior criminal activity on the part of defendant which necessitated a mistrial. The state contended that there was no deliberate attempt to elicit this testimony for the purpose of prejudicing the jury against defendant. Also, the prosecution argued that the references to the other checks in no way harmed defendant for there was no testimony linking him in any manner with them. Finding that no prejudice had resulted from the witness' responses since defendant had not been connected by the testimony with the jail cards and the checks, the trial judge denied defendant's motion for a mistrial. Thereafter, no further mention was made of these items during trial.
A direct or indirect reference to another crime committed or alleged to have been committed by defendant, as to which evidence would not be admissible, made within the hearing of the jury by the judge, district attorney or a court official, during trial or in argument, would require a mistrial on motion of defendant. La.Code Crim.P. art. 770(2). First, a police officer is not a "court official"; therefore, article 770 does not apply. Rather article 771 of the Code of Criminal Procedure would be the applicable article. State v. Jones, 332 So.2d 466 (La.1976); State v. Lepkowski, 316 So.2d 727 (La.1975); State v. Clark, 288 So.2d 612 (La. 1974).
La.Code Crim.P. art. 771 provides in pertinent part:
In the following cases, upon the request of the defendant or the state, the court shall promptly admonish the jury to disregard a remark or comment made during the trial, or in argument within the hearing of the jury, when the remark is irrelevant or immaterial and of such a nature that it might create prejudice *1022 against the defendant, or the state, in the mind of the jury:
. . . . . .
(2) When the remark or comment is made by a witness or person other than the judge, district attorney, or a court official, regardless of whether the remark or comment is within the scope of Article 770.
In such cases, on motion of the defendant, the court may grant a mistrial if it is satisfied that an admonition is not sufficient to assure the defendant a fair trial.
At the outset, it should be noted that defendant did not move for a mistrial at the time he objected to the witness' references to the jail cards. Moreover, we do not find nor does defendant claim that the allegedly impermissible remarks were deliberately obtained by design of the prosecutor to prejudice the rights of defendant. At least with regard to the statement concerning the jail cards, the detective's answer was unsolicited and unresponsive to the prosecutor's question and neither reference was deliberately uttered by the witness to prejudice defendant. Unsolicited and unresponsive testimony is not chargeable against the state to provide a ground for the reversal of a conviction. State v. Jones, supra; State v. Luneau, 323 So.2d 770 (La.1975); State v. Lewis, 315 So.2d 626 (La.1975); State v. Gabriel, 308 So.2d 746 (La.1975). No connection was made between the jail cards and other checks and defendant nor was any further mention made of these items during trial. Under the circumstances, we do not consider that these isolated references to the jail cards and other checks by this witness were of any consequence. It is most unlikely that they would suggest to the jury that defendant had a prior criminal record. Rather, there is more reason to believe that the jury considered that the jail cards were obtained during the course of this particular incarceration and that the checks were part of an investigation of a person other than defendant. Therefore, we do not find that the remarks created any prejudice in the mind of the jury. The trial judge did not err in denying defendant's motion for a mistrial.
Assignment of Error No. 2 is without merit.

ASSIGNMENT OF ERROR NO. 3
Defendant contends that the trial judge erred in admitting in evidence the waiver of rights form (S-2) and booking card (S-3) signed by defendant for comparison with the disputed writing (check) without first conducting a hearing outside the presence of the jury as mandated by La.R.S. 15:460.1. Defendant argues that the trial judge's rulings on the admissibility of the writings in the presence of the jury constitute an impermissible comment by him on the evidence in violation of La.Code. Crim.P. art. 772.
La.R.S. 15:460.1 provides:
Comparison of a disputed writing with any writing proved to the satisfaction of the judge to be genuine shall be permitted to be made by witnesses in criminal cases. The writings and the evidence of witnesses respecting the writings may be submitted to the court and jury as evidence of the genuineness or otherwise of the writing in dispute.
La.Code Crim.P. art. 772 provides:
The judge in the presence of the jury shall not comment upon the facts of the case, either by commenting upon or recapitulating the evidence, repeating the testimony of any witness, or giving an opinion as to what has been proved, not proved, or refuted.
Clearly, La.R.S. 15:460.1 permits comparison of a disputed writing with any writing proved to be genuine to the satisfaction of the judge. In the instant case, the state established that the signatures on the waiver of rights form and booking cards were that of defendant. The state then offered the waiver of rights form in evidence. Defendant's objection was overruled without comment by the judge. Outside the presence of the jury, defendant inquired if the judge's ruling was based on a finding that the writing was genuine to which the judge *1023 replied in the affirmative. Thereupon, defendant moved for a mistrial on the ground of the court's "comment on the evidence." In denying defendant's motion, the judge stated:
The Jury hasn't been informed as to the nature of your objection, or of any finding by the Court that this signature is genuine . . . that the writing is genuine. The objection is overruled.
Thereafter, the jury was returned to the courtroom and the trial proceeded. When the jail card (S-3) was offered in evidence by the state, defendant stated: "I make the same objection I made before." In overruling defendant's objection, the judge stated: "The Court understands that the defense makes the same objection to `S-3' as was made to `S-2.' Let the objection be overruled and let it. . . let `S-3' be admitted into evidence." No further comment was made.
Defendant's contention that a hearing on the admissibility of a writing must be conducted by the judge prior to its presentation to the jury is unfounded. La. R.S. 15:460.1 specifically provides that the "writings and the evidence of witnesses respecting the writings may be submitted to the court and jury as evidence of the genuineness or otherwise of the writing in dispute." This seems to contemplate that the ruling by the court on the admissibility of the evidence may be made in the presence of the jury with the jury determining the weight which it should be accorded. While judicial comment on the facts or evidence in the presence of the jury is prohibited by La.Code Crim.P. art. 772, this court has consistently held that remarks made by the trial judge in the jury's presence giving reasons for his rulings on objections, for admitting or excluding evidence, or stating the purpose for which evidence is offered or admitted are not objectionable as comments or expressions of an opinion provided they are not unfair and prejudicial to the accused. State v. Young, 337 So.2d 1196 (La. 1976); State v. Lane, 302 So.2d 880 (La. 1974). In the instant case, only the rulings on the admissibility of the writings were made in the presence of the jury. The jury was not informed of the judge's determination that the writings were genuine. Hence, there is no merit to defendant's contention that the judge's rulings on admissibility of evidence in the presence of the jury constituted a comment on the evidence in violation of La.Code Crim.P. art. 772.
Assignment of Error No. 3 is without substance.

ASSIGNMENT OF ERROR NO. 4
Defendant assigns as error the trial judge's denial of his motion for a new trial. He contends that, because prosecution was improperly instituted by affidavit, his incarceration was illegal and hence any evidence obtained during that period was rendered inadmissible at trial. Specifically, defendant argues that the admission into evidence of the booking card signed by him at the time of his arrest and the waiver of rights card subsequently signed by him was improper and necessitated the granting of a new trial.
In Assignment of Error No. 1, we stated that it mattered not whether the affidavit in question was executed to support the issuance of an arrest warrant or to institute prosecution since after defendant's arrest, prosecution was properly instituted against him by the filing of a bill of information. Likewise, defendant's contention that the prosecution was improperly instituted by affidavit has no bearing on the admissibility of the writings secured from him subsequent to his arrest. Defendant's complaint that the writings were unconstitutionally obtained from him after his arrest addresses itself to the validity of his arrest rather than the validity of the manner in which his prosecution was instituted.
The proper method of barring allegedly unconstitutionally seized tangible evidence from a trial is a motion to suppress. La.Code Crim.P. art. 703; State v. Keys, 328 So.2d 154 (La.1976); State v. Anderson, 315 So.2d 266 (La.1975); State v. Womack, 283 So.2d 708 (La.1973). Defendant *1024 did not file a motion to suppress prior to trial nor did he seek permission to file such a motion during trial. Moreover, defendant's objection at the time of introduction of the writings in evidence was on grounds other than the illegality of his arrest. Accordingly, there is no merit to defendant's complaint. The trial judge correctly denied defendant's motion for a new trial.
Assignment of Error No. 4 is without merit.

DECREE
For the reasons assigned, the conviction and sentence are affirmed.
DENNIS, J., concurs.