354 So.2d 1332 (1978)
STATE of Louisiana
v.
Mitchell SCHWARTZ.
No. 60360.
Supreme Court of Louisiana.
January 30, 1978.
Rehearing Denied March 3, 1978.
*1333 Broderick A. Bagert, Sr., New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Patrick J. Fanning, Asst. Dist. Atty., for plaintiff-appellee.
DENNIS, Justice.
Defendant, Mitchell Schwartz, was charged by bill of information with eight offenses of possession with intent to distribute a controlled dangerous substance. La.R.S. 40:967. Defendant was found guilty as charged on each count by a jury and was sentenced to serve thirty years at hard labor on each of counts 1, 2, 4, 5, and 6, with sentences to run concurrently, and to serve ten years at hard labor on each of counts 3, 7, and 8, with sentences to run concurrently with each other but consecutively with the thirty-year sentences on the other counts. On appeal, defendant relies upon six assignments of error for reversal of his conviction and sentence.[1] Finding reversible error in Assignments 16 and 27, we pretermit consideration of the other assignments.[2]
ASSIGNMENTS NOS. 16 and 27
The State, in its case in chief, introduced evidence through the testimony of Gary Chanson of a series of drugstore robberies allegedly committed with the assistance of the defendant. Specifically, Chanson testified that the defendant supplied him with information on the drugstore security systems, provided him with tools with which to gain entry through the roofs of the stores, and, on at least one occasion, served as a driver to and from the drugstore. For the defendant's part, Chanson testified that he was given a share of the drugs taken from the stores. Defendant's motion to exclude the other crimes evidence and his objection to the use of the evidence without prior notice to the defense were denied by the trial court.
The defendant contends that the evidence should not have been admitted because it does not fit within one of the exceptions to the general prohibition against the use of other crimes evidence and because it was highly prejudicial to his case. The State gave no notice of intent as required by State v. Prieur, 277 So.2d 126 (La.1973); it argues, however, that the burglaries formed part of the "res gestae" of the crime and thus were properly admitted into evidence.
Louisiana Revised Statutes 15:447 and 15:448 provide:
"Res gestae are events speaking for themselves under the immediate pressure of the occurrence, through the instructive, impulsive and spontaneous words and acts of the participants, and not the words of the participants when narrating the events. What forms any part of the res gestae is always admissible in evidence.
"To constitute res gestae the circumstances and declarations must be necessary incidents of the criminal act, or immediate concomitants of it, or form in conjunction with it one continuous transaction."
In State v. Prieur, 277 So.2d 126 (La.1973), this court, while noting the general *1334 inadmissibility of evidence of other crimes, recognized that crimes which form part of the "res gestae" of the charged offense constitute an exception to the rule. In discussing the meaning of res gestae in relation to the admissibility of evidence of extraneous offenses under Prieur, Professor Pugh has observed:
"* * * The meaning of the term res gestae in this area is unclear. It seems clear, however, that its meaning here is by no means necessarily the same as that in the hearsay area. Therefore, cases holding out-of-court declarations admissible under the so-called res gestae exception to the hearsay rule are not necessarily controlling here. In light of the purposes behind the Prieur guidelines, it is believed that for evidence of the other crime to qualify as res gestae under Prieur, the other crime must be so closely connected that the indictment or information as to the instant crime is deemed to carry with it notice as to the other crime as well. Although the court does not talk in terms of this test, it appears to be requiring a very close relationship indeed." 35 La.L.Rev. 525, 526-7 (Footnotes omitted.)
This Court has, in recent cases, required a very close connexity between the charged offense and the offenses sought to be introduced under the res gestae exception. See, State v. Mitchell, 344 So.2d 1026 (La.1977); State v. Brown, 340 So.2d 1306 (La.1976); State v. Owens, 338 So.2d 645 (La.1976); State v. Flowers, 337 So.2d 469 (La.1976); State v. Curry, 325 So.2d 598 (La.1976); State v. Mays, 315 So.2d 766 (La.1975); State v. Matthews, 292 So.2d 226 (La.1974).
In the instant case, the drugstore robberies in which the defendant allegedly participated occurred some two months prior to the date of the charged offenses listed in the Bill of Information. The burglaries were not so closely connected with the offense of possession of narcotics with intent to distribute that the Bill of Information as to the instant crime carried with it notice of the other crimes as well. Nor were the other crimes closely related in time or location to the charged offense. Further, the detailed evidence of the planning and commission of the burglaries involved in Chanson's testimony had no relevance to the necessary elements of the charged offense. The inadmissible evidence of the burglaries served primarily to depict the defendant as one who had led the young Chanson into a career of burglary. Evidence which serves only to portray the defendant as a "bad man" and which has no real probative value is never admissible. State v. Prieur, supra. Therefore, it was clearly reversible error to allow the State to present the highly prejudicial evidence of the unrelated drugstore burglaries in this prosecution for possession of drugs with intent to distribute.
Accordingly, the defendant's conviction and sentence are reversed and the case is remanded for a new trial.
SANDERS, C. J., and SUMMERS and MARCUS, JJ., dissent.
NOTES
[1] Defendant's other assignments of error have not been briefed on this appeal and are deemed abandoned.
[2] Assignment No. 18, however, deserves comment. It questions the wisdom of our recent statements that a police officer witness is not a "court official" whose reference to inadmissible other crimes evidence mandates a mistrial under La.C.Cr.P. art. 770. State v. Hegwood, 345 So.2d 1179 (La.1977); State v. Hardy, 344 So.2d 1018 (La.1977). The instant case demonstrates that these decisions were unsound insofar as they reflect the notion that police officers should be held to a lesser standard than judges or prosecutors because they are less familiar with rules of evidence. Officer Dabdoub, whose testimony gratuitously implicated the defendant in other crimes, has given similar "unresponsive answers" in other cases which have been reviewed by this court. The recurrence of such testimony by experienced and knowledgeable witnesses like Officer Dabdoub establishes too clear a pattern for this court to continue to excuse the highly prejudicial unresponsive remarks as being inadvertent, unplanned or unexpected by prosecuting attorneys.