408 So.2d 1235 (1982)
STATE of Louisiana
v.
Janet MANUEL and Nelson Manuel.
No. 81-KA-0786.
Supreme Court of Louisiana.
January 25, 1982.
*1236 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., L. K. Knapp, Jr., Dist. Atty., Terry Johnson, Abbott J. Reeves, Eugene Bouquet, Asst. Dist. Attys., for plaintiff-appellee.
Max M. Morris & Gerald Casey, Lake Charles, for defendants-appellants.
MARCUS, Justice.[*]
Janet Manuel and Nelson Manuel were charged in the same information with possession of methamphetamine in violation of La.R.S. 40:967(C). After trial by jury, defendants were found guilty. Nelson Manuel was sentenced to serve five years at hard labor. Janet Manuel was sentenced to serve three years at hard labor. On appeal, defendants, who are husband and wife, rely on five assignments of error for reversal of their convictions and sentences.[1] *1237 ASSIGNMENT OF ERROR NO. 1
Defendants contend that the trial judge erred in denying Janet Manuel's motion for severance on the grounds that her defense would be antagonistic to that of her codefendant and that a joint trial would force her to waive her statutory privilege against testifying against her husband.
The motion was filed on the first day of trial immediately after the jury had been selected. A hearing was conducted outside the presence of the jury. Janet Manuel was called to the stand. The trial judge cautioned her that by testifying she might be waiving her privilege against self-incrimination subjecting her to cross-examination and the possibility that her testimony would be used against her. The trial judge, however, made it clear that he was not saying that defendant would "open herself up to cross-examination on the entirety of the case." Nonetheless, defense counsel withdrew defendant from the stand. The trial judge then inquired of defense counsel "whether there was anything else to be presented in connection with the motion for severance." Defense counsel replied in the negative. The trial judge denied the motion for severance.
La.Code Crim.P. art. 704 provides that jointly charged defendants shall be tried jointly unless the state elects to try them separately or the court, after a contradictory hearing, is satisfied that justice requires a severance. Whether "justice requires a severance" must be determined by the facts of each case. State v. Thibodeaux, 315 So.2d 769 (La.1975). The mere allegation that the defenses will be antagonistic is not sufficient to require a severance. State v. Turner, 365 So.2d 1352 (La. 1978); State v. Singleton, 352 So.2d 191 (La.1977); State v. Hunter, 340 So.2d 226 (La.1976); State v. Jenkins, 340 So.2d 157 (La.1976); State v. Thibodeaux, supra. The trial judge's decision to disallow a severance under art. 704 is a discretionary one which will not be upset by this court absent abuse. State v. Singleton, supra.
In the instant case, we do not consider that the trial judge's cautionary remarks inhibited Janet Manuel from testifying. She voluntarily withdrew herself from the stand on advice of counsel. No other evidence was offered. The defense did not even assert how the defenses would be antagonistic. Mere allegations are not enough. Nor did the defense allege what Janet Manuel would say that would implicate her husband. In any event, justice does not require a severance simply because she would have to waive her statutory privilege in order to testify on her own behalf. Under the circumstances, we are unable to say that the trial judge abused his discretion in denying the motion for severance.
Defendants further contend under this assignment of error that the trial judge erred in denying their motion to suppress evidence seized from their residence on the ground that their consent was not validly obtained.
The motion was filed on the first day of trial. The state objected on the ground that it was untimely filed.
La.Code Crim.P. art. 521 provides:
Pretrial motions shall be made or filed within fifteen days after arraignment, unless a different time is provided by law or fixed by the court at arraignment upon a showing of good cause why fifteen days is inadequate.
Upon written motion at any time and a showing of good cause, the court shall allow additional time to file pretrial motions.
La.Code Crim.P. art. 703 (Motion to suppress evidence) provides in pertinent part:
A motion filed under the provisions of this Article must be filed in accordance with Article 521, unless opportunity therefor did not exist or neither the defendant nor his counsel was aware of the existence of the evidence or the ground of the motion, or unless the failure to file the motion was otherwise excusable. The *1238 court in its discretion may permit the filing of a motion to suppress at any time before or during the trial.
Defendants argued that, while the allegations contained in their motion to suppress were known to them prior to trial, they did not know until the day of trial that the police had not given defendants a receipt for the evidence seized. The trial judge denied the motion as untimely. Under the circumstances, we are unable to say that he abused his discretion.
In any event, the motion to suppress is without merit. The basis of defendants' contention is that an illegal seizure occurred when their house was surrounded for about an hour and a half while the police were attempting to obtain a search warrant (which was made unnecessary by the granting of a consent to search). The purpose of securing the residence was to prevent evidence from being removed therefrom. This did not constitute an illegal seizure. Moreover, no showing was made that defendants' consent to search was in any way affected by the presence of police outside their house.
In sum, Assignment of Error No. 1 is without merit.

ASSIGNMENT OF ERROR NO. 2
Defendant contends the trial judge erred in refusing to ask the jurors whether they had seen a television newscast on the evening of the second day of trial allegedly reporting that defendants were on trial for distribution of methamphetamine (instead of possession) and had been arrested during a "large drug raid."
The minutes of June 19, 1980 (third day of trial) reflect that at a conference at the bench, outside the presence of the jury, defense counsel informed the court that on the 10:00 p. m. newscast the night before a local television station had an item about the trial and moved the court to interrogate the jury as to whether or not they had heard or seen it. The motion was denied. Request was made to supplement the record with a transcript of what transpired at that point in the trial. A supplemental record was filed and only reflects the following:
MR. STREETE [Defense counsel]: Your Honor, may we approach the bench?
THE COURT: Granted.
(Bench Conference.)
THE COURT: All right, Mr. Johnson [Assistant District Attorney], you may call your next witness please.
Defendants made no showing in the record that there was actually a newscast at which the trial was mentioned or that it contained any erroneous information that resulted in prejudice to defendants. Moreover, the trial judge had previously instructed the jurors not to watch any newscasts or to read anything in the newspaper about the trial. While the better approach may have been to inquire whether any jurors had seen the newscast,[2] we are unable to say that the trial judge abused his discretion in denying defendants' motion to interrogate the jurors.
Assignment of Error No. 2 is without merit.

ASSIGNMENTS OF ERROR NOS. 3 AND 4
Defendants contend the trial judge erred in denying their motions for mistrial grounded on the claims that certain comments made by a prospective juror and a deputy sheriff were prejudicial.
During examination of prospective jurors, Mrs. Dugas, when asked whether she knew either of the defendants, responded:
Well, I've been ... since we came in here yesterday morning, I've been trying to place these two people, and ... because they look familiar to me ... and I think I recall when they lived next door to my mother for a time and I remembered when they were there that they were arrested for drug charges.
*1239 Outside the presence of the jurors, defendants' motion for a mistrial was heard. The trial judge denied the motion but excused Mrs. Dugas for cause. The trial judge's offer to admonish the other jurors was rejected by defendants.
During the examination of deputy sheriff John Benton, a state witness who had been qualified as an expert in the identification of drug paraphernalia, he was asked to identify certain drug paraphernalia seized from defendants' residence. The identification was being made from photographs. During the course of one of his responses, he identified a pair of scissors and then expressed an opinion that they could have been used to package drugs for distribution. Outside the presence of the jury, defendants moved for a mistrial. The trial judge denied the motion. The witness was instructed to refrain from making any further reference to distribution. The trial judge's offer to admonish the jury was rejected by defendants.
At the outset, we note that neither a prospective juror nor a deputy sheriff are "court officials"; therefore, La.Code Crim.P. art. 770 does not apply. Rather, art. 771 of the Code of Criminal Procedure would be the applicable article. State v. Gray, 351 So.2d 448 (La.1977); State v. Hardy, 344 So.2d 1018 (La.1977); State v. Jones, 332 So.2d 466 (La.1976).
La.Code Crim.P. art. 771 provides in pertinent part:
In the following cases, upon the request of the defendant or the state, the court shall promptly admonish the jury to disregard a remark or comment made during the trial, or in argument within the hearing of the jury, when the remark is irrelevant or immaterial and of such a nature that it might create prejudice against the defendant, or the state, in the mind of the jury:
....
(2) When the remark or comment is made by a witness or person other than the judge, district attorney, or a court official, regardless of whether the remark or comment is within the scope of Article 770.
In such cases, on motion of the defendant, the court may grant a mistrial if it is satisfied that an admonition is not sufficient to assure the defendant a fair trial.
Defendants have not alleged that either incident was the result of bad faith on the part of the state. The remarks were unresponsive to the questions asked. Moreover, we consider that any prejudice caused by these remarks could have been cured by admonitions which were rejected by defendants. In any event, we are not convinced that any prejudice occurred. The prospective jurors were aware that defendants had to have been "arrested for drug charges" in connection with the instant drug prosecution. Hence, it is reasonable to believe that the jurors considered the remarks in this context. The comment of the deputy sheriff was made when speculating as to a possible use of the pair of scissors that he had identified in the photograph. There is no reason to believe that the jury considered that defendants were involved in distribution merely because of this comment.
In sum, the trial judge did not err in denying defendants' motions for mistrial. Assignments of Error Nos. 3 and 4 are without merit.

DECREE
For the reasons assigned, the convictions and sentences are affirmed.
NOTES
[*] Judges O. E. Price, and Fred W. Jones, Jr. of the Court of Appeal, Second Circuit, and Judge John C. Boutall of the Court of Appeal, Fourth Circuit, participated in this decision as associate justices ad hoc, joined by Associate Justices Calogero, Marcus, Dennis and Watson.
[1] Defendants neither briefed nor argued Assignment of Error No. 5; therefore, we consider it to have been abandoned. State v. Blanton, 325 So.2d 586 (La.1976); State v. Carlisle, 315 So.2d 675 (La.1975).
[2] The American Bar Association's Standards for Criminal Justice provides that the court should question each juror, out of the presence of the others, about their exposure to prejudicial information. See Standard 8-3.6.