LINDSAY, Judge.
The defendant, James D. Koelemay, appeals the trial court judgment denying his *322 motion to quash the information against him on grounds of double jeopardy. We affirm the trial court ruling.
A confidential informant contacted G.A. Brice, a law enforcement officer, with information that the defendant was selling drugs. On June 18, 1984, Brice met with the defendant and negotiated with him to buy one-half ounce of cocaine for $1,600. The defendant later met Brice in a grocery store parking lot in Bossier Parish. Brice showed the defendant he had the money to buy the drugs. The defendant entered the grocery store, allegedly to obtain the cocaine from some other person. The defendant returned moments later with the cocaine. Brice was wearing a body microphone and several officers were located nearby listening to the transaction. After completion of the transaction, the officers converged upon the defendant and arrested him, with the money in hand. The record of this case shows that the defendant and been previously charged with and convicted of other drug related offenses.
The defendant was charged with distribution of cocaine and first came to trial on this charge in January, 1985. At the trial, the state called Brice as a prosecution witness and on direct testimony elicited the facts surrounding the drug transaction. On cross examination, the defense attorney asked Brice if he was personally acquainted with the defendant. Brice responded he had no personal acquaintance prior to the day of the drug transaction but Brice went on to say he had knowledge of the defendant’s prior drug record. The defense attorney moved for a mistrial on grounds of improper reference to other crimes. The trial court granted the mistrial and the jury was released.
The state elected to retry the defendant and his second trial began in April, 1985. Defendant was represented by different counsel at this trial. The state again called Officer Brice as a prosecution witness. Brice testified as to the drug transaction and made no reference to other crimes allegedly committed by the defendant.
The state then called Officer Mike May as a prosecution witness. May testified he and three other officers were contacted by Brice concerning the drug transaction and they went to the grocery store parking lot in order to provide surveillance and to listen to the transaction.
On cross examination, defense counsel asked May if he inquired of the defendant as to whether the cocaine was obtained from someone still inside the grocery store. May was questioned as follows:
Q Was any attempt made to find out who that person was?
A Yes, sir. I kep (sic) asking Mr. Koe-lemay, I said, well, if he’s in there, tell me what he looks like, who he is. I said, you know, I said, you going to take the whole fall by yourself. I said, this is up to you. I said, you know, I advised — we already advised him of his rights. I told him, you’re in a lot of trouble. I said, if you’re going to start cooperating, you’d better do it right now, because you haven’t got but about 30 seconds to make up your mind before the man leaves the store, if in fact he is really in there.
Q So you believed the man was still there?
No, sir, I didn t say that. <⅞
Well, from your— c?
I was telling him— <⅞
From your questioning Mr. Koele-may, it seems like you did. ©*
I was going to give him every benefit of the doubt, because if there was another defendant in that store, I wanted to arrest him. I wanted the man who delivered the cocaine in that store, I wanted to arrest him. And that’s why I advised Mr. Koelemay he was going to have to take the fall on his own, if there was somebody in there or was he lying to me. And he kept heehawing—
Well, did you offer to help him or do anything else for him if he told you? G?
*323 A I just advised him of what type of — I said, you’re in some serious trouble, these are serious charges. I said, you’ve been — I knew — well, I don’t know what I can bring out, you know, on the stand on previous — anything previous.
May then added, “I knew that Mr. Koele-may knew of the law, let me phrase it in that manner.”
Defense counsel moved for and was granted a mistrial on grounds of improper reference to other crimes allegedly committed by the defendant.
Following the granting of defense counsel’s motion for mistrial, a new trial date was set for the charge of distribution of cocaine. Prior to trial the defendant filed a motion to quash the information against him on grounds of former jeopardy. The defendant argued that although the two prior trials ended in mistrials requested by the defendant, those motions for mistrial were necessitated either by improper governmental action designed to provoke a mistrial or by governmental action that was so negligent that the defendant was required to seek a mistrial.
In September, 1985, a hearing was held on the motion to quash the information against the defendant. At the hearing, the prosecutor testified that prior to the first trial, he instructed both Brice and May not to go into any prior offenses allegedly committed by the defendant. After the granting of the first mistrial, the prosecutor testified that he discussed with the officers the reason for the mistrial and prior to the second trial again instructed them not to go into other crimes concerning the defendant. Officer Brice testified at the hearing that he was an experienced police officer and was aware that other crimes were not to be brought out in his testimony, but he also said he felt required to mention defendant’s record in order to be responsive to repeated questions by defense counsel as to whether Brice and the defendant were acquainted.
May also testified he was aware that other crimes allegedly committed by the defendant were not to be brought out, but that he was simply attempting to respond to questions posed by the defense attorney.
At the close of the hearing, the trial judge overruled the motions to quash. The defendant then entered a conditional plea of guilty to the charge of distribution of cocaine, reserving his right to appeal the denial of his motion to quash the information. The trial judge ordered a presentence investigation and continued the case for sentencing.
In January, 1986, the trial court sentenced the defendant to serve seven years at hard labor. The defendant then appealed to this court arguing that the actions by the prosecution required the defendant to move for mistrials in both trials and therefore double jeopardy barred the continuation of the prosecution against him.
The defendant claims that the remarks made by the officers concerned other crimes, and these remarks, made by different police officers, at two different trials of this matter, constitute the type of prosecu-torial misconduct that bars reprosecution of the charges against him on the grounds of double jeopardy. Under the facts of this case, we find the defendant’s argument to be without merit.
The United States Constitution provides that no person shall be twice put in jeopardy of life or limb for the same offense. U.S. Const. Art. V. The Louisiana Constitution provides “no person shall be twice placed in jeopardy for the same offense, except on his application for a new trial, when a mistrial is declared, or when a motion in arrest of judgment is sustained.” La. Const. Art. 1 § 15 (1974).
Under this provision, when the defendant moves for a mistrial, as the defendant in the present case did, double jeopardy does not bar reprosecution. LSA-C.Cr.P. Art. 591.
The United States Supreme Court, in a series of decisions, has provided an exception to that rule where the defendant is required to move for a mistrial due to conduct on the part of the government *324 intended to provoke a mistrial request by a defendant.
In U.S. v. Jom, 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971), the defendant’s first trial for tax evasion was terminated by the judge after it became clear that several of the prosecution witnesses were also implicated. The judge declared a mistrial without defendant’s consent in order to allow the witnesses to consult with an attorney. The court found under those circumstances reprosecution was barred because defendant did not consent to the mistrial. In explanation, the court sought to distinguish situations where a defendant did not consent to mistrial and those in which the defendant moved for a mistrial noting that usually when a defendant requests a mistrial, double jeopardy will not bar reprosecution. The court pointed out an exception to this rule exists when the defendant’s motion for mistrial is necessitated by judicial or prosecutorial impropriety designed to avoid an acquittal.
In U.S. v. Dinitz, 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976), the court addressed more directly the question of when double jeopardy bars retrial following a granting of a defendant's motion for mistrial. Defendant’s first trial ended in a mistrial after the trial judge barred one of defendant's attorneys from entering the court room. The defendant, in subsequent proceedings, moved to quash the charges against him on the ground of double jeopardy. The court again noted the general rule that reprosecution is not barred when a defendant seeks a mistrial. However, the court noted that the Double Jeopardy Clause protects a defendant against governmental actions intended to provoke mistrial requests, thereby subjecting defendants to the substantial burdens imposed by multiple prosecutions. The Double Jeopardy Clause also bars retrials where bad faith conduct by judge or prosecutor threatens the harassment of an accused by successive prosecutions or threatens declaration of a mistrial so as to afford the prosecution a more favorable opportunity to convict the defendant. In Dinitz, the trial court found that even though the trial judge may have erred in banishing defendant’s attorney from the courtroom, the action was not motivated by bad faith nor was the action undertaken to harrass or prejudice the defendant. Therefore, under those facts, the court found the double jeopardy clause did not bar reprosecution.
The rule announced in Jom and Dinitz was clarified in Oregon v. Kennedy, 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982). In that case, the defendant was on trial for theft. The prosecutor asked a witness if he did business with the defendant. When the witness responded negatively, the prosecutor asked if the two did not do business because the defendant was a crook. The court then granted defendant’s motion for mistrial. When the government sought to retry the defendant he moved to dismiss, claiming that a retrial was barred by double jeopardy because the prosecutor’s improper question required him to move for a mistrial in the first instance. The Oregon Court of Appeals, relying upon Jom and Dinitz, referred to the prosecutor’s colloquy with the witness as “overreaching” and dismissed the prosecution, even though it found no intentional misbehavior on the part of the prosecutor. The United States Supreme Court reversed, and found that reprosecution was not barred. The court discussed the rule set forth in Jom and Dinitz that reprosecution is barred where a defendant is required to move for a mistrial due to prosecutorial action intended to provoke a mistrial or actions motivated by bad faith or undertaken to harrass or prejudice the defendant. The court then noted that the language of these decisions seemed to broaden the former rule that the Double Jeopardy Clause would bar reprosecution only where defendant’s motion for a mistrial was provoked by intentional governmental actions, to a more generalized standard of “bad faith conduct” or “harassment” on the part of the judge or prosecutor.
The court recognized a need to clarify the rule as to when the Double Jeopardy Clause bars reprosecution following a sue- *325 cessful defense motion for a mistrial. The court stated:
Prosecutorial conduct that might, be viewed as harassment or overreaching, even if sufficient to justify a mistrial on defendant’s motion, therefore, does not bar retrial absent intent on the part of the prosecutor to subvert the protections afforded by the Double Jeopardy Clause. A defendant’s motion for a mistrial constitutes “a deliberate election on his part to forgo his valued right to have his guilt or innocence determined before the first trier of fact.” United States v. Scott, 437 U.S. 82, 93, 98 S.Ct. 2187, 2195, 57 L.Ed.2d 65 (1978). Where prosecutorial error even of a degree sufficient to warrant a mistrial has occurred, “[t]he important consideration, for purposes of the Double Jeopardy Clause, is that the defendant retain primary control over the course to be followed in the event of such error.” United States v. Dinitz, supra, 424 U.S., at 609, 96 S.Ct., at 1080. Only where the governmental conduct in question is intended to “goad” the defendant into moving for a mistrial may a defendant raise the bar of double jeopardy to a second trial after having succeeded in aborting the first on his own motion.
The court went on to state:
We do not by this opinion lay down a flat rule that where a defendant in a criminal trial successfully moves for a mistrial, he may npt thereafter invoke the bar of double jeopardy against a second trial. But we do hold that the circumstances under which such a defendant may invoke the bar of double jeopardy in a second effort to try him are limited to those cases in which the conduct giving rise to the successful motion for a mistrial was intended to provoke the defendant into moving for a mistrial.
Therefore, under this rule, in order to invoke the bar of double jeopardy to re-prosecution, the defendant must show that his motion for mistrial was caused by intentional prosecutorial action aimed at causing a mistrial.
The issue of double jeopardy as a bar to reprosecution following a defendant’s motion for mistrial was considered in State v. Williams, 478 So.2d 983 (La.App. 4th Cir.1985), cert. denied 483 So.2d 1019 (La.1986) under the standards set forth in Oregon v. Kennedy, supra. In Williams, the prosecution withheld Brady material during discovery and on this basis the defendant moved for and was granted a mistrial, and a new tentative trial date was set. Thereafter, the defendant filed a motion to quash claiming this was the kind of intentional prosecutorial conduct aimed at provoking a mistrial contemplated in Oregon v. Kennedy, supra and that double jeopardy barred reprosecution. The Court of Appeal denied the motion and found that although the prosecutor’s action in withholding Brady material was improper, there was no showing that the conduct was undertaken with the intent to provoke a mistrial.[1] The court stated, at page 900:
[Pjrosecutorial conduct that could be viewed as harassment or overreaching, even if sufficient to justify a mistrial, does not bar retrial absent an intent on the part of the prosecutor to “subvert the protections afforded by the Double Jeopardy Clause ... Only where the governmental conduct in question is intended to “goad” the defendant into moving for a mistrial may a defendant raise the bar of double jeopardy to a second trial ...”. Oregon v. Kennedy, supra, 456 U.S. at 675-676, 102 S.Ct. at 2089. (emphasis added).
Under the facts of the instant case, there is no showing of any intent on the part of the prosecutor to cause the defendant to move for a mistrial at any time in either trial. The prosecutor testified that prior to both trials, he instructed the witnesses not *326 to mention other crimes in which the defendant may have been involved. In addition, the prosecutor testified he discussed the first mistrial with the witnesses and explained to them why the mistrial was ordered.
We also note that reference to the defendant’s other crimes or past record was brought out in both instances by police officers in cross examination by the defense, not by the prosecutor in his opening or closing statements or in his direct examination of these witnesses. In previous cases, it has been argued that references to other crimes by police officers requires the automatic granting of a mistrial. LSA-C. Cr.P. Art. 770. However, the courts of this state have long held that police officers are not court officials within the meaning of LSA-C.Cr.P. Art. 770 and that absent extreme prejudice to the defendant, an admonition to the jury to disregard the comment is sufficient. LSA-C.Cr.P. Art. 771; State v. Brogdon, 457 So.2d 616 (La.1984); State v. Nuccio, 454 So.2d 93 (La.1984), cert. denied 105 S.Ct. 2345 (1985); State v. Hayes, 414 So.2d 717 (La.1982); State v. Carter, 412 So.2d 540. (La.1982); State v. Manuel, 408 So.2d 1235 (La.1982); State v. Bradford, 367 So.2d 745 (La.1978); State v. Henson, 351 So.2d 1169 (La.1977); State v. Hardy, 344 So.2d 1018 (La.1977). In addition, such a reference to other crimes by a police officer is not chargeable to the prosecution absent a showing that the prosecution intentionally elicited such comment to prejudice the rights of the defendant. State v. Carter, supra; State v. Manuel, supra; State v. Hardy, supra. However, a court may find it proper to grant a mistrial on the showing that the police witness has exhibited a pattern of unresponsive prejudicial answers. State v. Schwartz, 354 So.2d 1332 (La.1978); State v. Johnson, 447 So.2d 56 (La.App. 1st Cir. 1984).
In the present case there is no showing that tlie prosecution intentionally elicited other crimes information from the witnesses nor was there a showing of a pattern of conduct by these witnesses aimed at prejudicing the defendant by improper references to other crimes. A review of the record convinces us that the answers given by the police officers to the questions propounded by defense counsel were not made with the intent to prejudice the defendant. A review of the context in which the answers were given, particularly by Officer May at the second trial, shows that he was attempting to honestly respond to the questions propounded by defense counsel. In each trial, references to other crimes were made by different police officers in response to cross examination by the defense. Although we are not called upon to address the issue, it may even be argued that the mistrials were not warranted in either case, particularly in the second trial, because the references were made by police officers, not by court officials. LSA-C.Cr.P. Art. 771.
Applying the standard announced in Oregon v. Kennedy, supra, we find that there was no intent on the part of the prosecution to force the defendant to move for a mistrial under the facts of this case. Therefore, for the reasons stated above, we affirm the judgment of the trial court denying defendant’s motion to quash the information against him.
AFFIRMED.

. We also note that prior to the clarification of the exception set forth in Oregon v. Kennedy, supra, the Louisiana Supreme Court narrowly construed the exception granting a double jeopardy bar to reprosecution. Cf. State v. Wesley, 347 So.2d 217 (La.1977); State v. Cannon, 383 So.2d 389 (La.1980).