fall. Here, the District, the movant, did not produce evidence of an alternative cause. It is always possible, of course, that Hughes' feet simply became tangled, even if there is direct evidence to the contrary. But a plaintiff is not bound to exclude the possibility that the event might have happened in some other way.[36] Contrary to the District's argument, Hughes' case is not doomed because there is more than one possible cause. It is enough for summary judgment purposes that the evidence permits a reasonable inference that negligent conditions on the District's property caused Hughes' injury.

## CONCLUSION

Because reasonable minds could draw contrary conclusions from the evidence presented, the District did not show that it was entitled to judgment as a matter of law. We therefore reverse the court's summary judgment order and remand the cause for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.

WRIGHT, J., participating on briefs.

---

[36] *World Radio Labs. v. Coopers & Lybrand*, 251 Neb. 261, 557 N.W.2d 1 (1996).

---

STATE OF NEBRASKA, APPELLEE, V.
WA'IL M. MUHANNAD, APPELLANT.
___ N.W.2d ___

Filed February 6, 2015.    No. S-14-129.

1. **Pleadings.** Issues regarding the grant or denial of a plea in bar are questions of law.
2. **Judgments: Appeal and Error.** On a question of law, an appellate court reaches a conclusion independent of the court below.
3. **Motions for Mistrial: Pleadings: Prosecuting Attorneys: Intent: Appeal and Error.** While the denial of a plea in bar generally involves a question of law, an appellate court reviews under a clearly erroneous standard a finding concerning the presence or absence of prosecutorial intent to provoke the defendant into moving for a mistrial.

4. **Double Jeopardy: Motions for Mistrial.** It is the general rule that where a court grants a mistrial upon a defendant's motion, the Double Jeopardy Clause does not bar a retrial.

5. **Motions for Mistrial.** A defendant's motion for a mistrial constitutes a deliberate election on his or her part to forgo the right to the trial completed before the first trier of fact. This is true even if the defendant's motion is necessitated by prosecutorial or judicial error.

6. ____. When a mistrial is declared at the defendant's behest, the defendant's right to have his or her trial completed by a particular tribunal is, as a general matter, subordinated to the public's interest in fair trials designed to end in just judgments.

7. **Double Jeopardy: Motions for Mistrial: Prosecuting Attorneys: Intent: Proof.** Where a defendant moves for and is granted a mistrial based on prosecutorial misconduct, double jeopardy bars retrial when the conduct giving rise to the successful motion for a mistrial was intended to provoke the defendant into moving for a mistrial. It is the defendant's burden to prove this intent.

8. **Constitutional Law: Double Jeopardy.** The Double Jeopardy Clause of the Nebraska Constitution provides no greater protection than that of the U.S. Constitution.

9. **Double Jeopardy: Motions for Mistrial: Prosecuting Attorneys: Intent.** In the absence of an intent to goad the defendant into moving for mistrial, double jeopardy would not bar retrial where the prosecutor simply made an error in judgment or was grossly negligent.

10. ____: ____: ____: ____. The rule established in *Oregon v. Kennedy*, 456 U.S. 667, 102 S. Ct. 2083, 72 L. Ed. 2d 416 (1982), does not cease to apply where a defendant moves for and is granted successive mistrials due to actions of the prosecutor or evidence adduced by the prosecutor. Under such circumstances, the relevant factor for determining whether double jeopardy bars retrial is prosecutorial intent to provoke the defendant to move for mistrial.

11. **Double Jeopardy: Motions for Mistrial: Prosecuting Attorneys.** The prosecutor's knowledge of the potential for mistrial does not change the standard used to determine whether double jeopardy bars retrial after a mistrial entered on the defendant's motion.

Appeal from the District Court for Douglas County: Gary B. Randall, Judge. Affirmed.

Alan G. Stoler, P.C., L.L.O., for appellant.

Jon Bruning, Attorney General, and Stacy M. Foust for appellee.

Connolly, Stephan, McCormack, Miller-Lerman, and Cassel, JJ.

Per Curiam.

## NATURE OF CASE

Wa'il M. Muhannad appeals the order of the district court which denied his plea in bar following a mistrial. This is the second time that this case has been appealed under such circumstances. We addressed the denial of Muhannad's plea in bar after the first mistrial in *State v. Muhannad* (*Muhannad I*).[1] The present appeal arises from a plea in bar filed after a second mistrial, which, like the first, resulted from impermissible testimony by a particular witness.

In denying the plea in bar filed after the second mistrial, the district court determined that double jeopardy did not bar retrial, because the prosecutor did not intend to goad Muhannad into moving for the mistrial. We affirm the denial of Muhannad's plea in bar.

## FACTS

Muhannad is charged with first degree sexual assault of his stepdaughter, M.H. He has been brought to trial on this charge two separate times. Each time, the trial ended in mistrial and he filed a plea in bar which alleged that double jeopardy barred retrial.

### First Mistrial

In the first jury trial, the State's last witness was Carrie Gobel, a licensed mental health practitioner and M.H.'s therapist. Gobel testified, without objection, to the fact that M.H. had been diagnosed with posttraumatic stress disorder (PTSD) and to the symptoms M.H. exhibited.[2] But when the prosecutor asked Gobel to describe the "'traumatic event that ha[d] caused this diagnosis,'" Muhannad objected.[3] His objection was overruled, and the prosecutor again asked, "'According to your assessment of [M.H.], what was the traumatic event that initiated the diagnosis of PTSD?' Gobel

---

[1] *State v. Muhannad*, 286 Neb. 567, 837 N.W.2d 792 (2013).

[2] See *id*.

[3] See *id*. at 572, 837 N.W.2d at 797.

answered, '[M.H.] was sexually abused by her stepfather, [Muhannad], for an extensive period of time.'"[4]

At the close of the case but before closing arguments, Muhannad moved for a mistrial based on Gobel's testimony. The district court granted the motion, because "while Gobel might have been able to opine that 'sexual abuse' was the cause of M.H.'s PTSD, Gobel's testimony was 'over the edge' when she stated her belief that Muhannad was the perpetrator of the sexual abuse."[5]

Muhannad filed a plea in bar to his retrial, which the district court overruled. The court applied the rule from *Oregon v. Kennedy*[6] that "[o]nly where the governmental conduct in question is intended to 'goad' the defendant into moving for a mistrial may a defendant raise the bar of double jeopardy to a second trial after having succeeded in aborting the first on his own motion." The court found that the prosecutor "may have made an error in judgment" but that the prosecutor did not "demonstrate an intent to goad [Muhannad] into moving for a mistrial." Accordingly, the court concluded that there was no double jeopardy bar to retrial arising from prosecutorial misconduct.

In *Muhannad I*, we affirmed the judgment of the district court which denied Muhannad's plea in bar. Muhannad had argued that the bar to retrial recognized in *Oregon v. Kennedy* was "not limited to circumstances where the State intended to provoke a mistrial."[7] But we specifically rejected this argument and "declined to extend the *Oregon v. Kennedy* exception beyond situations where the prosecutor intended that the misconduct would provoke a mistrial."[8] We determined that the evidence supported the district court's finding that the prosecutor "made 'an error in judgment'" but did not intend to

---

[4] See *id*. at 572, 837 N.W.2d at 798 (alteration in original).

[5] See *id*. at 573-74, 837 N.W.2d at 798.

[6] *Oregon v. Kennedy*, 456 U.S. 667, 676, 102 S. Ct. 2083, 72 L. Ed. 2d 416 (1982).

[7] See *Muhannad I, supra* note 1, 286 Neb. at 574, 837 N.W.2d at 799.

[8] See *id*. at 578, 837 N.W.2d at 801.

provoke a mistrial.[9] We thus affirmed the denial of Muhannad's plea in bar.

## Second Mistrial

Before Muhannad's second jury trial began, he filed a motion in limine seeking to exclude any testimony by Gobel concerning M.H.'s PTSD. The district court overruled the motion. However, because the court concluded that Gobel could not directly or indirectly testify as to M.H.'s credibility, it placed limits on the testimony Gobel could provide. On December 16, 2013, the court ordered that Gobel's testimony should be "limited to the symptoms, behavior, and feelings generally exhibited by the alleged victim as it relates to show [how] the alleged victim's behavior is similar to other child sexual abuse victims who exhibit signs of [PTSD]. . . . Further, the testimony cannot go beyond the child's behavior." On December 23, the court further explained that "Gobel can only testify that sexual abuse is one of many factors that can cause PTSD. Gobel can also testify how PTSD affects the alleged victim's behavior. Gobel cannot state that recent abuse or . . . abuse by [Muhannad] was the cause of the alleged victim's PTSD."

On January 9, 2014, the fourth day of the second jury trial, the State called Gobel to testify. She testified, without objection, that M.H. "appeared very nervous and anxious, particularly when discussing the sexual abuse," and that M.H.'s treatment plan included "learning effective [coping] mechanisms to deal with symptoms caused by the sexual abuse." Gobel also testified, without objection, to the symptoms generally exhibited by children in cases of sexual abuse. The prosecutor then asked, "Will you describe for me, going through each one of the criteria, the symptoms that you took note of with respect to [M.H.]?" Gobel responded, "Certainly. In regard to intrusive thoughts, [M.H.] was constantly thinking of the abuse and of her stepfather when she came into treatment." Muhannad immediately objected and asked that Gobel's answer be stricken. The district court sustained the objection,

---

[9] See *id*. at 580, 837 N.W.2d at 803.

and the answer was stricken. Gobel attempted to continue answering the question, but Muhannad asked to approach the bench. After a sidebar, he moved for a mistrial and the district court granted the motion.

Muhannad subsequently filed a plea in bar in which he argued that double jeopardy barred retrial. The district court denied the plea in bar. It found that the prosecutor "did not specifically intend to provoke a second mistrial through [the] question," that the prosecutor did not make any error, that Gobel "failed to abide by the Court's Order in Limine regarding the scope of [her] testimony," and that Gobel "crossed the line [by] providing testimony that granted credibility to the testimony of the victim."

Muhannad timely appealed, and we granted his petition to bypass the Nebraska Court of Appeals.

## ASSIGNMENT OF ERROR

Muhannad assigns, restated, that the district court erred in determining that double jeopardy principles did not bar retrial where a mistrial had been granted based on Gobel's testimony that the alleged victim was sexually assaulted by Muhannad.

## STANDARD OF REVIEW

[1,2] Issues regarding the grant or denial of a plea in bar are questions of law.[10] On a question of law, an appellate court reaches a conclusion independent of the court below.[11]

[3] While the denial of a plea in bar generally involves a question of law, we review under a clearly erroneous standard a finding concerning the presence or absence of prosecutorial intent to provoke the defendant into moving for a mistrial.[12]

## ANALYSIS

The question presented by the instant appeal is whether double jeopardy bars retrial of Muhannad following the second

---

[10] *State v. Huff*, 279 Neb. 68, 776 N.W.2d 498 (2009).

[11] *Id.*

[12] *Muhannad I, supra* note 1.

mistrial. Our focus is on the second mistrial only, because it has already been decided that the first mistrial did not bar retrial.[13] We similarly conclude that the second mistrial, which was granted upon Muhannad's motion, does not create a double jeopardy bar to retrial.

[4-6] "[I]t is the general rule that where a court grants a mistrial upon a defendant's motion, the Double Jeopardy Clause does not bar a retrial."[14] A defendant's motion for a mistrial constitutes a deliberate election on his or her part to forgo the right to the trial completed before the first trier of fact.[15] This is true even if the defendant's motion is necessitated by prosecutorial or judicial error.[16] When the mistrial is declared at the defendant's behest, the defendant's right to have his or her trial completed by a particular tribunal is, as a general matter, subordinated to the public's interest in fair trials designed to end in just judgments.[17]

[7] There is a "'narrow exception'" to this general rule.[18] In *Oregon v. Kennedy*, the U.S. Supreme Court held that where a defendant moves for and is granted a mistrial based on prosecutorial misconduct, double jeopardy bars retrial when the "conduct giving rise to the successful motion for a mistrial was intended to provoke the defendant into moving for a mistrial."[19] The Court rejected a "more generalized standard of bad faith conduct, harassment, or overreaching as an exception to the defendant's waiver of his or her right to a determination by the first tribunal."[20] Consequently, "[p]rosecutorial conduct that might be viewed as harassment or overreaching, even if sufficient to justify a mistrial on [the] defendant's motion, . . . does not bar retrial absent intent on

---

[13] See *id*.

[14] *Id*. at 576, 837 N.W.2d at 800.

[15] *Id*.

[16] *Id*.

[17] *Id*.

[18] See *id*.

[19] See *Oregon v. Kennedy, supra* note 6, 456 U.S. at 679.

[20] See *Muhannad I, supra* note 1, 286 Neb. at 577, 837 N.W.2d at 800.

the part of the prosecutor to subvert the protections afforded by the Double Jeopardy Clause."[21] It is the defendant's burden to prove this intent.[22]

[8,9] We have consistently held that the Double Jeopardy Clause of the Nebraska Constitution provides no greater protection than that of the U.S. Constitution.[23] We have accordingly declined to extend the *Oregon v. Kennedy* exception beyond situations where the prosecutor intended that the misconduct would provoke a mistrial.[24] Indeed, in the appeal following the denial of Muhannad's first plea in bar, we rejected his arguments that the bar to retrial recognized in *Oregon v. Kennedy* was "not limited to circumstances where the State intended to provoke a mistrial."[25] We stated that in the absence of an intent to goad the defendant into moving for mistrial, double jeopardy would not bar retrial where the prosecutor "simply made 'an error in judgment'" or was grossly negligent.[26]

In the instant appeal, Muhannad does not argue that the prosecutor goaded him to move for mistrial such that *Oregon v. Kennedy* would apply to bar retrial. Rather, he claims that the standard established in *Oregon v. Kennedy* should not control his case. He argues that because his case involves successive mistrials entered for identical reasons, double jeopardy should bar retrial regardless of whether the prosecutor intended to provoke the second mistrial.

[10] We reject this argument that *Oregon v. Kennedy* should not control Muhannad's case. The rule established in *Oregon v. Kennedy* does not cease to apply where a defendant moves for and is granted successive mistrials due to actions of the prosecutor or evidence adduced by the prosecutor. Under such circumstances, the relevant factor for determining whether

---

[21] *Oregon v. Kennedy, supra* note 6, 456 U.S. at 675-76.

[22] *Muhannad I, supra* note 1.

[23] *Id*.

[24] *Id*.

[25] See *id*. at 574, 837 N.W.2d at 799.

[26] See *id*. at 580, 837 N.W.2d at 803.

double jeopardy bars retrial is prosecutorial intent to provoke the defendant to move for mistrial,[27] as discussed in *Oregon v. Kennedy*.

The Eighth Circuit has applied *Oregon v. Kennedy* in cases where successive mistrials were caused by similar acts of the prosecutor. In *U.S. v. Standefer*,[28] the defendants moved for and were granted two mistrials due to the prosecutor's failure to disclose relevant facts during discovery. A third mistrial resulted from a hung jury. To determine whether retrial was barred by these mistrials, the court looked for evidence of prosecutorial intent to goad the defendants into moving for mistrial. It found that "successive mistrials caused by prosecutorial blunders might in some cases evidence an intent to prejudice rights secured by the Double Jeopardy Clause" but that there was "no such evidence in this case."[29]

Other courts have applied *Oregon v. Kennedy* in cases where impermissible testimony on a certain subject caused multiple mistrials to be granted upon the defendant's motion. In *State v. Fuller*,[30] successive mistrials were triggered by the testimony of the alleged victim that the defendant's driver's license had been suspended. To determine whether a third trial was barred by these mistrials granted at the defendant's request, the Minnesota Supreme Court applied *Oregon v. Kennedy*. It concluded that in the absence of intent to provoke the mistrials, double jeopardy did not bar a third trial. In *State v. Koelemay*,[31] the defendant moved for and was granted a mistrial in two successive trials due to testimony by prosecution witnesses about the defendant's prior drug record. A Louisiana appellate court concluded that the mistrials did not bar a third

---

[27] See, *U.S. v. Amaya*, 750 F.3d 721 (8th Cir. 2014); *U.S. v. Standefer*, 948 F.2d 426 (8th Cir. 1991); *U.S. v. Alvin*, No. 10-65, 2014 WL 2957439 (E.D. Pa. 2014); *State v. Dillard*, 55 So. 3d 56 (La. App. 2010); *State v. Koelemay*, 497 So. 2d 321 (La. App. 1986); *State v. Fuller*, 374 N.W.2d 722 (Minn. 1985).

[28] *U.S. v. Standefer, supra* note 27.

[29] See *id.* at 432.

[30] *State v. Fuller, supra* note 27.

[31] *State v. Koelemay, supra* note 27.

trial, because "there [was] no showing of any intent on the part of the prosecutor to cause the defendant to move for a mistrial at any time in either trial."[32]

[11] Muhannad argues that his case is different from *U.S. v. Standefer*,[33] and other cases that apply *Oregon v. Kennedy*, because in his case, the prosecutor was aware, by virtue of the first mistrial, that Gobel's testimony could cause a mistrial. But the prosecutor's knowledge of the potential for mistrial does not change the standard used to determine whether double jeopardy bars retrial after a mistrial entered on the defendant's motion.[34]

In *U.S. v. Amaya*,[35] the Eighth Circuit considered whether the conviction of the defendant after two mistrials, both entered on the defendant's motion, violated double jeopardy. One mistrial was caused by the prosecutor's failure to disclose certain facts in discovery. The other mistrial was triggered by the testimony of a witness for the prosecution that the defendant was a "'drug dealer.'"[36] Such testimony was in direct violation of the trial court's pretrial ruling that that "'*witnesses* will not be allowed to opine that [the defendant] is a "drug dealer."'"[37] Due to this ruling, the prosecutor arguably was aware of the potential for mistrial. Nonetheless, the Eighth Circuit determined whether the mistrials barred retrial by looking for evidence that the "government intended to provoke a mistrial."[38] It followed *Oregon v. Kennedy*, as have other courts in similar situations.[39]

---

[32] See *id*. at 325.

[33] *U.S. v. Standefer, supra* note 27.

[34] See, *U.S. v. Amaya, supra* note 27; *U.S. v. Alvin, supra* note 27; *State v. Koelemay, supra* note 27; *State v. Fuller, supra* note 27.

[35] *U.S. v. Amaya, supra* note 27.

[36] See *id*. at 723.

[37] See *id*. (emphasis in original).

[38] See *id*. at 726.

[39] See, *U.S. v. Alvin, supra* note 27; *State v. Koelemay, supra* note 27; *State v. Fuller, supra* note 27.

Muhannad's arguments that *Oregon v. Kennedy* should not apply to his case lack merit. Therefore, we proceed according to the standard established in that case when determining whether the second mistrial creates a double jeopardy bar to retrial.

The record supports the district court's conclusion that the prosecutor did not intend to goad Muhannad into moving for the second mistrial. The prosecutor's comments at pretrial hearings demonstrated that she understood what testimony she could and could not elicit from Gobel. At one hearing, the prosecutor stated, "With respect to the expert testimony, the one part I don't disagree with is that I can't ask about the opinions . . . as to whether or not [M.H.] had been sexually abused or that the diagnosis is a result of her being sexually abused." Given these limitations, in the second trial, the prosecutor made changes to the manner in which she questioned Gobel and tailored the questions to touch upon permissible topics only. Even the question which provoked the inadmissible testimony was appropriate: "Will you describe for me, going through each one of the criteria, the symptoms that you took note of with respect to [M.H.]?" At the hearing on Muhannad's plea in bar, the prosecutor denied that she asked this question to provoke a mistrial. She stated that any suggestion to the contrary was "absolutely absurd [under] the circumstance[s]."

Muhannad argues that "the misconduct of an expert witness for the State," such as Gobel, "should be imputed to the prosecution."[40] He alleges that Gobel may have "deliberately chose[n] to ignore" the district court's order limiting the scope of her testimony.[41] We need not consider whether, as a general matter, a witness' intent can be imputed to the prosecutor, because doing so would not change the result in this case. Under *Oregon v. Kennedy*, a mistrial entered on the defendant's

---

[40] See brief for appellant at 11.

[41] See *id*. at 8.

motion is a bar to retrial only when there is an intent to "'goad' the defendant into moving for a mistrial."[42]

It was not clearly erroneous for the district court to conclude that the prosecutor did not intend to goad Muhannad into moving for the second mistrial. Therefore, double jeopardy does not bar a third trial of Muhannad and the district court did not err in overruling his plea in bar.

## CONCLUSION

For the foregoing reasons, we affirm the order of the district court which overruled Muhannad's plea in bar following the second mistrial.

AFFIRMED.

WRIGHT, J., participating on briefs.
HEAVICAN, C.J., not participating.

---

[42] See *Oregon v. Kennedy, supra* note 6, 456 U.S. at 676.

---

STATE OF NEBRASKA, APPELLEE, v.
TERRANCE J. HALE, APPELLANT.
___ N.W.2d ___

Filed February 6, 2015.    No. S-14-183.

1. **Rules of Evidence.** In proceedings where the Nebraska Evidence Rules apply, the admissibility of evidence is controlled by the Nebraska Evidence Rules; judicial discretion is involved only when the rules make discretion a factor in determining admissibility.

2. **Rules of Evidence: Hearsay: Appeal and Error.** Apart from rulings under the residual hearsay exception, an appellate court reviews for clear error the factual findings underpinning a trial court's hearsay ruling and reviews de novo the court's ultimate determination to admit evidence over a hearsay objection.

3. **Evidence: Appeal and Error.** In reviewing a sufficiency of the evidence claim, whether the evidence is direct, circumstantial, or a combination thereof, the standard is the same: An appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence; such matters are for the finder of fact.

4. ____: ____. The relevant question when an appellate court reviews a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.