SEXTON, Judge
The defendant, Terry Lynn Bolden, a/k/a Snow, pled guilty to a charge of possession of cocaine, a violation of LSA-R.S. 40:967C. The defendant was sentenced to three years at hard labor, which sentence was suspended and the defendant was placed on two years supervised probation. Special conditions of probation were that the defendant serve 30 days in the parish jail, that he submit to drug screens, and that he pay a $10 per month supervision fee. The defendant appeals this sentence as excessive and complains the trial court’s compliance with LSA-C.Cr.P. Art. 894.1 was inadequate.* We affirm.
On June 16, 1989, officers of the DeSoto Parish Sheriff’s Department executed a search warrant issued for the defendant’s residence. In a washroom at the residence, the officers found a razor blade inside a pack of rolling papers. The razor blade contained a white residue which was later determined to be cocaine. The defendant and DeShanna Gray, who lived with the defendant, were later arrested and both were charged with possession of cocaine. On November 17, 1989, the defendant pled guilty and the charges against Ms. Gray were dismissed.
At sentencing, the trial court noted that there were several mitigating factors. This is the defendant’s first felony conviction, and he has a very minor criminal record involving two speeding tickets and charges for criminal neglect and issuing worthless checks. The trial court noted that the defendant had not been convicted on the latter two charges. The trial court further noted the defendant, at age 27, is a high school graduate and has had a steady employment record, but that he had been unemployed for some six months at the time of sentencing. The defendant has two children, ages 8 and 6, but the children live with their mother, from whom the defendant is separated. Also in mitigation, the trial court considered that the instant offense involved only a very small amount of cocaine. The trial court also noted the immense societal problems caused by cocaine. The trial court’s compliance with LSA-C.Cr.P. Art. 894.1 was adequate.
We also find no merit to defendant’s argument that this sentence is constitutionally excessive. Defendant’s complaint centers on the 30-day jail sentence made a special condition of his probation. The 30-day jail sentence is significantly less than the maximum five-year hard labor sentence and $5000 fine which could have been imposed upon the defendant under LSA-R.S. 40:967C. The jail sentence is also appreciably less than the 90- to 180-day incarceration which would have been required under the intensive incarceration and intensive parole supervision program, LSA-R.S. 15:574.4 and 15:574.5, which program was recommended for the defendant by the probation and parole agent who prepared the presentence investigation report. We find the trial court’s stated reasons for the imposition of this minor jail term, as well as the scope of the entire sentence, to be rationally related to this defendant and the trial court’s concern for his rehabilitation. The 30-day jail sentence was specifically designed to give defendant that period of time to stay free of cocaine. The drug screens during the remainder of his probationary term are designed to assure that the defendant does not return to his drug use. We find the sentence, including the 30-day jail term, to be a rational attempt by the trial court to remedy the defendant’s drug problems. We therefore find the sentence is not an abuse of discretion and is not constitutionally excessive. Accordingly, it is affirmed.
AFFIRMED.

 Defendant’s assignment of error relating to the voluntariness of his guilty plea has not been briefed and is therefore deemed abandoned. State v. Schwartz, 354 So.2d 1332 (La.1978); URCA 2-12.4.